COPY                    FILED

1  Eric D. Houser (SBN 130079)                    2009 NOV 19  PM 12: 47
   Brian S. Edwards (SBN 166258)
2  HOUSER & ALLISON, a Professional Corporation      CLERK, U.S. DISTRICT COURT
3  3760 Kilroy Airport Way, Suite 260                 CENTRAL DIST. OF CALIF.
                                                            RIVERSIDE
   Long Beach, California 90806
4  Tel: (949) 679-1111; Fax: (949) 679-1112         BY_____
5  E-Mail: bedwards@houser-law.com

6  Attorneys for Defendant, VIRTUAL BANK, a Division of Lydian Private Bank,
7  erroneously sued as Lydian Private Bank dba Virtual Bank

8               UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION
10

11  HONG KIM, an individual,              Case No.:
12                                ED   CV  09  -  02149
           Plaintiff,                     Hon:
13

14  vs.                                   NOTICE OF REMOVAL OF
                                          ACTION BASED UPON FEDERAL
15  LYDIAN PRIVATE BANK DBA               QUESTION JURISDICTION
16  VIRTUAL BANK; KEYCORP DBA
    KEYBANK; AZTEC FORECLOSURE            [28 U.S.C. §§ 1331, 1441]
17  CORPORATION, a California
    corporation; and DOES 1 through 10,   [San Bernardino County Superior Court
18  inclusive,                            Case No. CIV VS 906669]
19
20         Defendants.
21

22

23      TO THE COURT, PARTIES, AND COUNSEL OF RECORD:

24      PLEASE TAKE NOTICE that Defendant VIRTUAL BANK, a Division of
25
26  Lydian Private Bank, erroneously sued as Lydian Private Bank dba Virtual Bank,

27

28

                        NOTICE OF REMOVAL
                                1

D.B-965
PBC-965
11-5-09
10:28Am

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LYDIAN PRIVATE BANK DBA VIRTUALBANK; KEYCORP DBA
KEYBANK; [Additional parties attachment form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HONG KIM, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
**FILED**
SUPERIOR COURT OF CA
COUNTY OF SAN BERNA
VICTORVILLE DISTRIC

OCT 05 2009

BY _____
ESTHER ORONA, DEPU.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino Superior Court<br>14455 Civic Drive<br>Victorville, CA 92392 | **CASE NUMBER:** *(Número del Caso):* **CIVVS906669** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Benjamin Koo & Associates, 3600 Wilshire Blvd., Suite 1608, Los Angeles, CA 90010 (213) 388-5555

| | | |
|---|---|---|
| DATE: OCT 05 2009<br>*(Fecha)* | Clerk, by, ___ ESTHER ORONA<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): *LYDIAN PRIVATE BANK DBA VIRTUALBANK*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other (specify): CCP 415.95 BUSINESS ORGANIZATION
                             FORM UNKNOWN
4. ☐ by personal delivery on (date):

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit "1"**
**1 of 53**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Kim v. Lydian Private Bank DBA VirtualBank | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

AZTEC FORECLOSURE CORPORATION, a California corporation; and DOES 1 through 10, inclusive

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit "1"
2 of 53

BENJAMIN KOO, ESQ. (CA SBN 198324)
JOYCE J. CHO, ESQ. (CA SBN 256165)
***BENJAMIN KOO & ASSOCIATES***
3600 Wilshire Boulevard, Ste. 1608
Los Angeles, California 90010
Phone: (213) 388-5555
Fax: (213) 385-1007

Attorneys for Plaintiff,
HONG KIM

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT
OCT 05 2009
BY ESTHER ORONA, DEPUTY

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO – VICTORVILLE DISTRICT

HONG KIM, an individual,

Plaintiff,

vs.

LYDIAN PRIVATE BANK DBA VIRTUALBANK; KEYCORP DBA KEYBANK; AZTEC FORECLOSURE CORPORATION, a California corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: CIVVS906669

**COMPLAINT FOR:**

1. **VIOLATIONS OF <u>CALIFORNIA FINANCIAL CODE</u> § 4973;**
2. **NEGLIGENCE;**
3. **VIOLATION OF <u>CALIFORNIA BUSINESS & PROFESSIONS CODE</u> § 17200;**
4. **VIOLATION OF TRUTH IN LENDING ACT;**
5. **VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT;**
6. **DECLARATORY RELIEF; and**
7. **INJUNCTION.**

**JURY TRIAL DEMANDED**

COMES NOW PLAINTIFF, HONG KIM, FOR CAUSES OF ACTION AGAINST DEFENDANTS AND ALLEGES AS FOLLOWS:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Plaintiff, HONG KIM, an individual, hereinafter referred to as "KIM," is and was at all relevant times a resident of the County of San Bernardino, California. KIM'S residential

1  property, which is the subject of this action, is located at 13095 Tawya Road, Apple Valley,

2  California, 92308 ("PROPERTY").

3       2.     Plaintiff is informed and believes and basing thereon alleges that Defendant,

4  LYDIAN PRIVATE BANK DBA VIRTUALBANK, hereinafter referred to as

5  "VIRTUALBANK," is authorized to do business and doing business in the County of San

6  Bernardino, State of California.

7       3.     Plaintiff is informed and believes and basing thereon alleges that Defendant,

8  KEYCORP DBA KEYBANK, hereinafter referred to as "KEYBANK," is authorized to do

9  business and doing business in the County of San Bernardino, State of California.

10      4.     Plaintiff is informed and believes and basing thereon alleges that Defendant,

11 AZTEC FORECLOSURE CORPORATION, hereinafter referred to as "AZTEC," is a California

12 corporation, authorized to do business and doing business in the County of San Bernardino, State

13 of California.

14      5.     The true names and capacities, whether individual, corporate, associate, or

15 otherwise, of Defendants DOES 1 through 10 inclusive, are unknown to Plaintiff, who therefore

16 sues these Defendants by such fictitious names, and will seek leave of court to amend this

17 complaint when the true names and capacities are ascertained. Plaintiff is informed and believes,

18 and thereon alleges, that each of the Defendants designated herein as a DOE is responsible in

19 some manner for the damages alleged herein, and is liable to Plaintiff under each cause of action

20 set forth in this complaint, based upon the events forming the grounds for this suit.

21      6.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant

22 hereto, each of the Defendants, whether specifically named or designated as a DOE, was the

23 agent, servant, and employee of each of the remaining co-defendants, and, in doing the things

24 hereinafter alleged, was acting within the course and scope of that agency, and with the advance

25 knowledge, consent, and ratification of each of the remaining Defendants.

26      7.     Plaintiff is informed and believes, and based thereon alleges, that at all times

27 herein mentioned, Defendants, and each of them, were the agents and employees of each of their

28 Co-Defendants and, in doing the things herein mentioned, were acting in the course and scope of

2

1  their authority as such agents and employees, and with permission and consent of the other Co-
2  Defendants.

3       8.     On July 2, 2007, Plaintiff, for a valuable consideration, made and delivered a
4  promissory note in the sum of $337,250.00, with interest at the adjustable rate of 7.750%,
5  payable on the first of each month beginning September 1, 2007 ("the note"). VIRTUALBANK
6  is the holder of the note, a true and correct copy of which is attached as Exhibit "A" and
7  incorporated by reference.

8       9.     On the same day and as part of the same transaction, Plaintiff executed a trust
9  deed conveying the PROPERTY to Chicago Title Company as trustee to secure payment of the
10 note for lender VIRTUALBANK. Plaintiff is informed and believes that sometime thereafter,
11 AZTEC substituted Chicago Title Company as trustee.

12     10.    On January 8, 2008, Plaintiff, for a valuable consideration, made and delivered a
13 promissory note to KEYBANK in the sum of $51,970.50, with interest at the fixed rate of
14 6.990%, payable on the sixth of each month beginning July 6, 2008 ("the note"). KEYBANK is
15 the holder of the note, a true and correct copy of which is attached as Exhibit "B" and
16 incorporated by reference.

17     11.    On the same day and as part of the same transaction, Plaintiff executed a trust
18 deed conveying the PROPERTY to KeyBank National Association as trustee to secure payment
19 of the note for lender KEYBANK.

20                     **FIRST CAUSE OF ACTION**

21            Violations of California Financial Code § 4973

22         **Against Defendants VIRTUALBANK and KEYBANK**

23     12.    Plaintiff realleges and incorporates herein by reference those allegations set forth
24 in paragraphs 1 through 11 with the same force and effect as though same were set forth hereat.

25     13.    In violation of California Financial Code § 4973(f), Defendants VIRTUALBANK
26 and KEYBANK originated the subject loans for purchase of the PROPERTY without
27 verification of Plaintiff's ability to make the scheduled payments. Plaintiff's total monthly debts
28

<div align="center">3</div>

1    exceeded 55 percent of Plaintiff's monthly gross income, and Plaintiff was never asked to

2    provide documentation verifying Plaintiff's income.

3         14.    In violation of California Financial Code § 4973(k), Plaintiff's loans did not

4    contain the "Consumer Caution and Home Ownership Counseling Notice" disclosures required.

5         15.    Plaintiff alleges that the deeds of trust and notes are void for lack of compliance

6    with California Financial Code § 4973.

7         16.    Plaintiff alleges that Plaintiff is entitled to rescind the loan transactions for lack of

8    compliance with California Financial Code § 4973.

9         17.    Plaintiff alleges that Defendants are liable to Plaintiff for actual damages in an

10    amount according to proof, but in no event less than his down payment, closing costs, fees,

11    principal and interest paid in connection with the loan transactions, and attorney's fees.

12        18.    Plaintiff alleges that Defendants are liable to Plaintiff for statutory damages, if

13    applicable.

14                           **SECOND CAUSE OF ACTION**

15                                   **Negligence**

16              **Against Defendants VIRTUALBANK and KEYBANK**

17        19.    Plaintiff realleges and incorporates herein by reference those allegations set forth

18    in paragraphs 1 through 18 with the same force and effect as though same were set forth hereat.

19        20.    Defendants VIRTUALBANK and KEYBANK, and each of them, had a duty of

20    care to Plaintiff to provide prudent, professional advice and counsel and to provide Plaintiff with

21    a legal, prudent, proper, and affordable loan.

22        21.    Defendants, and each of them, breached that duty to Plaintiff by providing

23    Plaintiff with a very high interest rate, subprime and usurious loan, laden with excessive costs

24    and fees. Defendants also breached that duty by violating California Financial Code § 4973,

25    California Civil Code § 1632, and California Business and Professions Code § 17200.

26        22.    Plaintiff alleges that Defendants' breaches actually and proximately caused

27    damages to Plaintiff in the form of fees, costs, interest and attorney's fees and proximately

28    caused Plaintiff to no longer be able to make payments under the loan.

                                         4

23.     Plaintiff also alleges that Defendants were unjustly enriched by said fees, costs, and interest, and are liable to Plaintiff for the same.

### THIRD CAUSE OF ACTION

**Violation of California Business & Professions Code § 17200**

**Against All Defendants**

24.     Plaintiff realleges and incorporates herein by reference those allegations set forth in paragraphs 1 through 23 with the same force and effect as though same were set forth hereat.

25.     Defendants have engaged in unfair business practices by originating the subject loans for purchase of the PROPERTY without verification of Plaintiff's ability to make the scheduled payments in violation of California Financial Code § 4973, not including the "Consumer Caution and Home Ownership Counseling Notice" disclosures required in violation of California Financial Code § 4973, providing Plaintiff with a very high interest rate, subprime and usurious loan, laden with excessive costs and fees, and by attempting to foreclose such PROPERTY.

26.     Plaintiff is informed and believes and thereon alleges that Defendants performed the above-mentioned acts for the purpose of injuring Plaintiff and other competitors and consumers.

27.     Defendants threaten to and unless restrained, will continue to offer to sell and sell to purchasers the above-mentioned loan in violation of California law.

28.     As a proximate result of the above-mentioned acts of Defendants, Plaintiff has been damaged in an amount according to proof, trebled to a sum according to proof.

### FOURTH CAUSE OF ACTION

**Violation of Truth in Lending Act**

**Against Defendants VIRTUALBANK and KEYBANK**

29.     Plaintiff realleges and incorporates herein by reference those allegations set forth in paragraphs 1 through 28 with the same force and effect as though same were set forth hereat.

30.     Defendants retain a security or other interest in the PROPERTY, which is Plaintiff's principal home.

1 | 31.     Plaintiff is informed and believes and thereon alleges that in violation of the Truth
2 | in Lending Act, 15 U.S.C. § 1601, et. seq. and Regulation Z, 12 C.F.R. § 226.1, et. seq.,
3 | Defendant VIRTUALBANK disclosed a finance charge of $811,993.63, which is understated by
4 | more than $100.00, in violation of 12 C.F.R. § 226.18(d)(1), the actual finance charge being
5 | $927,016.84.
6 | 32.     Plaintiff is informed and believes and thereon alleges that in violation of the Truth
7 | in Lending Act, 15 U.S.C. § 1601, et. seq. and Regulation Z, 12 C.F.R. § 226.1, et. seq.,
8 | Defendant VIRTUALBANK disclosed an annual percentage rate of 9.211 percent, which is
9 | understated by more than 1/8 of 1 percentage point, in violation of 12 C.F.R. § 226.22(a)(2), (4),
10 | the actual annual percentage rate being 9.745 percent.
11 | 33.     Plaintiff is informed and believes and thereon alleges that in violation of the Truth
12 | in Lending Act, 15 U.S.C. § 1601, et. seq. and Regulation Z, 12 C.F.R. § 226.1, et. seq.,
13 | Defendant VIRTUALBANK disclosed the total of payments as $1,141,743.30, which is
14 | understated by $115,647.13, in violation of 12 C.F.R. § 226.18(h), the actual total of payments
15 | being $1,257,390.43.
16 | 34.     Plaintiff is informed and believes and thereon alleges that in violation of the Truth
17 | in Lending Act, 15 U.S.C. § 1601, et. seq. and Regulation Z, 12 C.F.R. § 226.1, et. seq.,
18 | Defendant VIRTUALBANK incorrectly, deceptively, and fraudulently disclosed the payment
19 | schedule of the mortgage payments.
20 | 35.     Plaintiff is informed and believes and thereon alleges that in violation of the Truth
21 | in Lending Act, 15 U.S.C. § 1601, et. seq. and Regulation Z, 12 C.F.R. § 226.5(a)(1),
22 | 226.17(a)(1), 226.15(b), and 226.23(b), Defendant KEYBANK failed to provide two copies of a
23 | 3 Day Right to Cancel Notice.
24 | 36.     Plaintiff is informed and believes and thereon alleges that in violation of the Truth
25 | in Lending Act, 15 U.S.C. § 1601, et. seq. and Regulation Z, 12 C.F.R. § 226.18, et. seq.,
26 | Defendant KEYBANK failed to provide a separate form indicating how to initiate the rescission
27 | process.
28 |

6

COMPLAINT

1    37.    Plaintiff alleges that Defendants are liable to her for actual damages and statutory

2    damages not less than $200.00 in an amount according to proof, and that Plaintiff is entitled to

3    rescission of the loans.

4                              **FIFTH CAUSE OF ACTION**

5                  **Violation of Real Estate Settlement Procedures Act**

6                  **Against Defendants VIRTUALBANK and KEYBANK**

7    38.    Plaintiff realleges and incorporates herein by reference those allegations set forth

8    in paragraphs 1 through 37 with the same force and effect as though same were set forth hereat.

9    39.    On June 1, 2009, Plaintiff sent Qualified Written Requests to Defendants

10   VIRTUALBANK and KEYBANK through certified mail, return receipt requested.  A true and

11   correct copy of the Qualified Written Requests and certified mail receipts is attached as Exhibit

12   "C" and incorporated by reference.

13   40.    In violation of 12 U.S.C. § 1205(e), VIRTUALBANK failed to make appropriate

14   corrections in the account of the borrower, including the crediting of any late charges or

15   penalties, and transmit to the borrower a written notification of the correction that includes the

16   name and telephone number of a representative of the servicer who can provide assistance to the

17   borrower; or after conducting an investigation, provide the borrower with a written explanation

18   or clarification that includes a statement of the servicer's reasons for concluding the account is

19   correct and the name and telephone number of an employee, office, or department of the servicer

20   that can provide assistance to the borrower information requested by the borrower, or an

21   explanation of why the information requested is unavailable or cannot be obtained by the

22   servicer, and the name and telephone number of an employee, office, or department of the

23   servicer that can provide assistance to the borrower within sixty (60) business of receipt.

24   41.    In violation of 12 U.S.C. § 1205(e), KEYBANK failed to provide written

25   acknowledgement of receipt of the Qualified Written Request that was received by it on June 1,

26   2009 within twenty (20) business days of receipt.

27   42.    Plaintiff alleges that Defendant is liable to him for actual damages, statutory

28   damages not less than $200.00, and attorney's fees in an amount according to proof.

7

### SIXTH CAUSE OF ACTION

#### Declaratory Relief

#### Against All Defendants

43.   Plaintiff realleges and incorporates herein by reference those allegations set forth in paragraphs 1 through 42 with the same force and effect as though same were set forth hereat.

44.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties. Plaintiff contends that Defendants violated the above referenced laws in the origination and servicing of Plaintiff's loans. Furthermore, Defendants are threatening to foreclose on the PROPERTY. Plaintiff contends that Defendants may not foreclose Plaintiff's home on the PROPERTY, whereas Defendants contend that they are entitled to proceed with a Trustee's Sale.

45.   A judicial declaration is necessary and appropriate at this time in the circumstances in order that Plaintiff may ascertain Plaintiff's rights and duties under the note and trust deed.

### SEVENTH CAUSE OF ACTION

#### Injunction

#### Against All Defendants

46.   Plaintiff realleges and incorporates herein by reference those allegations set forth in paragraphs 1 through 45 with the same force and effect as though same were set forth hereat.

47.   Defendants threaten to (and unless restrained, will) sell the property, or cause it to be sold, to Plaintiff's great and irreparable injury, for which pecuniary compensation would not afford adequate relief, in that Plaintiff will lose Plaintiff's home since 2007, which has sentimental value, and which is unique real property.

48.   In violation of California Civil Code § 2923.5(a), Defendants have failed to make any phone calls, in person visits, or send correspondence required for due diligence via certified mail to Plaintiff.

49.   Furthermore, Defendants have not complied with California Civil Code § 2923.5(b), which requires that a Notice of Default " . . . include a declaration from the

8

COMPLAINT

1  mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due
2  diligence to contact the borrower as required by this section, or the borrower has surrendered the
3  property to the mortgagee, trustee, beneficiary, or authorized agent." There is no statement that
4  the declarant declares under penalty of perjury under the laws of the State of California that their
5  statement is true, which is required by <u>California Code of Civil Procedure</u> § 2015.5 for any
6  declaration subscribed under any other law of California. A true and correct copy of the Notice
7  of Default is attached as Exhibit "D" and incorporated by reference.

8      50.    Despite Plaintiff's demand to stop the foreclosure process, Defendants have failed
9  and refused to stop the foreclosure proceedings.

10

11     WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as
12 follows:
13     1.     For general damages and actual damages according to proof;
14     2.     For statutory damages according to proof;
15     3.     For prejudgment interest according to proof;
16     4.     For reasonable attorney's fees;
17     5.     For rescission of the loans originated and serviced by Defendants for the subject
18 PROPERTY;
19     6.     For treble damages in an amount according to proof;
20     7.     For a declaration of the rights and duties of the parties, including a declaration that
21 Defendants have not complied with federal and California law;
22     8.     For an order requiring Defendants to show cause why Defendant should not be
23 enjoined as set forth below, during the pendency of this action;
24     9.     For a temporary restraining order, a preliminary injunction, and a permanent
25 injunction, all enjoining Defendants and all persons acting under, for, or in concert with that
26 defendant, from selling the trust property or attempting to sell it or causing it to be sold, either
27 under the power of sale in the trust deed or by foreclosure action.
28     10.    For costs of suit herein incurred; and

9

1    11.    For any other and further relief as the court may deem proper.

2

3   DATED:        October 3, 2009              BENJAMIN KOO & ASSOCIATES

4                                          By_____

5                                              Joyce J. Cho, Esq.

6                                              Attorneys for Plaintiff, HONG KIM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

11



## MTA CHOICE ADJUSTABLE RATE NOTE
### (MTA- TWELVE MONTH AVERAGE INDEX - 5 YEAR FIXED RATE - Payment Options)

THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT OF YOUR LOAN. THERE MAY BE A LIMIT ON THE AMOUNT THAT THE MONTHLY PAYMENT CAN INCREASE OR DECREASE. THE PRINCIPAL AMOUNT TO REPAY COULD BE GREATER THAN THE AMOUNT ORIGINALLY BORROWED, BUT NOT MORE THAN THE LIMIT STATED IN THIS NOTE.

July 02, 2007          APPLE VALLEY              CA
(Date)                 (City)                    (State)

13095 TAWYA ROAD , APPLE VALLEY, CA  92308

(Property Address)

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $337,250.00 (this amount, including any increase to this amount under the terms of this Note, is called "Principal"), plus interest, to the order of the Lender. The Principal amount may increase as provided under the terms of this Note but will never exceed the maximum amount specified in Section 5(D) of this Note.   The Lender is Lydian Mortgage, a Division of Lydian Private Bank.
I will make all payments under this Note in the form of cash, check or money order. I understand that the Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder".

### 2. INTEREST
Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest until the first Interest Rate Change Date at a yearly rate of  7.7500 %. The interest rate I will pay may change in accordance with Section 4 of this Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 8(B) of this Note.

### 3.  PAYMENTS
(A)  Time and Place of Payments
I will make a payment every month.
I will make my monthly payments on the 1st day of each month beginning on September 01, 2007.  Each of these dates is called a "Payment Due Date".  I will make these payments every month until I have paid all the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal.

If, on August 01, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".  I will make my monthly payments at 3801 PGA Blvd., Suite 700, Palm Beach Gardens, FL 33410, or at a different place if required by the Note Holder.

(B)  Minimum Payment; Amount of My Initial Monthly Payments
My "Minimum Payment" is the minimum amount the Note Holder will accept for my monthly payment, which the Note Holder will determine in accordance with this Section 3(B), or Section 5(B), 5(D), or 5(E), below, as applicable.

Each of my initial Minimum Payments will be in the amount of U.S. $1,421.86, until a new Minimum Payment is required as provided below. If my initial Minimum Payment is not sufficient to cover the interest due under this Note, the difference will be added to my Principal amount as provided in Section 5(C) below.  My initial Minimum Payment may not be sufficient to cover the interest due.

(C)  Payment Changes
My monthly payment will be recomputed, according to Section 5 of this Note, to reflect changes in the Principal balance and interest rate that I must pay.

The Note holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Sections 4 and 5 of this Note.

Exhibit "1"
14 of 53



4.  **INTEREST RATE CHANGES**
   **(A) Interest Rate Change Dates**
   The interest rate I will pay may change on the 1st day of  August, 2012 and on that day every month thereafter.
   Each date on which my interest rate could change is called an "Interest Rate Change Date". The new rate of
   interest will become effective on each Interest Rate Change Date. Although the interest rate may change monthly,
   my monthly payment will be recalculated in accordance with Section 5.

   **(B) The Index**
   Beginning with the first Interest Rate Change Date, my adjustable interest rate will be based on an Index. The
   "Index" is the "Twelve-Month Average" of the annual yields on actively traded United States Treasury
   Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal
   Reserve Statistical Release entitled, "Selected Interest Rates (H.15)" (the "Monthly Yields"). The Twelve-Month
   Average is determined by adding together the Monthly Yields for the most recently available twelve months and
   dividing by twelve (12).

   The most recent Index figure available as of the date fifteen (15) days before each Interest Rate Change Date is
   called the "Current Index". If the Index is no longer available, the Note Holder will choose a new index which is
   based upon comparable information. The Note Holder will give me notice of this choice.

   **(C) Calculation of Interest Rate Changes**
   Before each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding Three
   and One Quarter percentage point(s) (3.2500 %) ("Margin") to the Current Index. The Note Holder will then
   round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the
   limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Interest
   Rate Change Date. Beginning with the first Interest Rate Change Date, my interest rate will never be lower than
   the Margin.

   **(D) Interest Rate Limit (CAP)**
   My interest rate will never be greater than 10.9500 %.

5.  **MONTHLY PAYMENT CHANGES**
   **(A) Payment Change Dates**
   My monthly payment may change as required by Section 5(B) below beginning on the first day of
   September, 2012, and on the same day every twelfth (12th) month thereafter through my 109th Payment Due
   Date. Beginning with my 121st Payment Due Date, my Minimum Payment may change monthly thereafter.
   Each of these dates is called a "Payment Change Date". My Minimum Payment also will change at any time
   Section 5(D) below requires me to pay a different monthly payment.

   I will pay at least the amount of my new Minimum Payment each month beginning on each Payment Change
   Date or as provided in Section 5(D) or 5(E) below.

   **(B) Calculation of Monthly Payment Changes and Payment Limitations**
   Before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that
   would be sufficient to repay the unpaid Principal that I am expected to owe as of the Payment Change Date in
   full on the Maturity Date in substantially equal payments at the interest rate in effect during the month
   preceding the Payment Change Date.  The result of this calculation is called the "Full Payment".  For the
   Payment Change Dates occurring on the 61st, 73rd, 85th, 97th, and 109th Payment Due Dates, the Note
   Holder also will multiply the amount of my last Minimum Payment due before the Payment Change Date by
   the number 1.075.  The result of this calculation is called the "Limited Payment". Unless Section 5(D) or 5(E)
   below requires me to pay a different amount, the amount of my new Minimum Payment that will be effective
   on each of the 61st, 73rd, 85th, 97th, and 109th Payment Change Dates will be the lesser of the Full Payment
   or the Limited Payment. The amount  of my new Minimum Payment that will be effective on each of the
   Payment Change Dates beginning with the 121st Payment Due Date and continuing monthly thereafter will be
   the Full Payment, as provided in Section 5(E) below.

   The Minimum Payment applies only to the Principal and interest payment and does not apply to any escrow
   payments the Note Holder may require under the Security Instrument.

   **(C) Additions to My Unpaid Principal**
   My monthly payment could be less than or greater than the amount of the interest portion of the monthly payment
   that would be sufficient to repay the unpaid Principal I owe at the monthly payment date in full on the Maturity
   Date in substantially equal payments.  For each month that my monthly payment is less than the interest portion,
   the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will
   add the difference to my unpaid Principal. The Note Holder also will add interest on the amount of this difference
   to my unpaid Principal each month. Interest on the amount will accrue at the current interest rate. For each month
   that my monthly payment is greater than the interest portion, the Note Holder will apply the payment as provided in
   Section 3(A) above.

Exhibit "1"
15 of 53



**(D) Limit on My Unpaid Principal; Increased Monthly Payment**
My unpaid Principal can never exceed a maximum amount equal to 120% (110% in New York) of the Principal amount I originally borrowed. Because of my paying only limited monthly payments, the addition of unpaid interest to my unpaid Principal under Section 5(C) above could cause my unpaid Principal to exceed that maximum amount. In that event, on the date that my paying my monthly payment would cause me to exceed that limit and unless Section 5(E) below requires me to pay a different amount, I will instead pay a new monthly payment in an amount not less than the amount that would pay the interest portion of the monthly payment at the interest rate effective during the preceding month, but in no event less than the Minimum Payment determined by Section 5(B) above. This amount will be my new Minimum Payment. This means that my Minimum Payment may change more frequently than annually. This new Minimum Payment amount will remain in effect until at least the next regular Payment Change Date, unless another recalculation of my Minimum Payment is required by this section prior to such Payment Change Date.

**(E) Required Full Payment**
Beginning on the Payment Change Date that occurs on the 121st Payment Due Date and continuing monthly thereafter, I will pay the Full Payment as my Minimum Payment until my payment changes again.

**(F) Payment Options**
Each month the Note Holder may provide me with up to three additional payment options (in addition to the Minimum Payment) that are equal to or greater than the Minimum Payment, which are called "Payment Options". I may be given the following Payment Options:

(i) Interest Only Payment: the amount that would pay the interest portion of the monthly payment at the current interest rate. The Principal balance will not be decreased by this Payment Option. This payment option will not be available beginning with the 121st Payment Due Date.

(ii) Fully Amortized Payment: the amount necessary to pay the loan off (including all Principal and interest on the Maturity Date in substantially equal installments at the interest rate effective during the preceding month. This Payment Option is calculated on the assumption that the current interest rate will remain in effect until the loan is paid in full; however, the current interest rate may in fact change in accordance with Section 4(A) above.

(iii) 15 Year Amortized Payment: the amount necessary to pay the loan off (including all Principal and interest) within a fifteen (15) year period from the first payment due date in substantially equal installments at the interest rate effective during the preceding month. This Payment Option is calculated on the assumption that the current rate will remain in effect until the loan is paid in full; however, the current interest rate may in fact change in accordance with Section 4(A) above.

<u>Payment Options will only be available if they are equal to or greater than the Minimum Payment.</u>

**(G) Notice of Changes**
The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any questions I may have regarding the notice.

**(H) Failure to Make Adjustments**
If for any reason the Note Holder fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree the Note Holder may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold the Note Holder responsible for any damages to me which may result from the Note Holder's failure to make the adjustment and to let the Note Holder, at its option, apply any excess monies which I may have paid to partial Prepayment of unpaid Principal.

**6. BORROWER'S RIGHT TO PREPAY**          ** See attached Prepayment Note Addendum **
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment". When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note. I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Payment Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

0000000046670

**Exhibit "1"**
**16 of 53**



**7.   LOAN CHARGES**
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded the permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**8.   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)  Late Charges for Overdue Payments**
If the Note Holder has not received at least the full amount of any Minimum Payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 percent (%) of my overdue payment. I will pay this late charge promptly but only once on each late payment.

**(B)  Default**
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)  Notice of Default**
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. The date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)  No Waiver By Note Holder**
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)  Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

**9.   GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given notice of that different address.

**10.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all the amounts owed under this Note.

**11.   WAIVERS**
I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Exhibit "1"
17 of 53



**12.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions.  In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note.  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.  Some of these conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower.  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.  Lender also shall not exercise this option if:  (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption.  Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all promises and agreements made in the Note and in this Security Instrument.  Borrower will continue to be obligated under the Note and the Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.**

_____ (Seal)                    _____ (Seal)
                        -Borrower                                        -Borrower
HONG KIM

_____ (Seal)                    _____ (Seal)
                        -Borrower                                        -Borrower

_____ (Seal)                    _____ (Seal)
                        -Borrower                                        -Borrower

Exhibit "1"
18 of 53



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

12

Exhibit B

2nd

# NOTE

January 08, 2008      APPLE VALLEY    California
    [Date]                 [City]       [State]

13095 TAHYA RD    APPLE VALLEY, CA 92308
            [Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ $51,970.50 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is KeyBank National Association. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.990 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 6th day of each month beginning on July 06, 2008. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on June 06, 2028 I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 8787 Red Oak Blvd, Suite 250 Charlotte, NC 28217 or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $413.39.

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 10.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment. * up to $30.00 max

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Form 3200 1/01

DH1A0

MULTISTATE FIXED RATE NOTE– Single Family– Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Bankers Systems, Inc. St. Cloud, MN Form MN-1 2/10/2000     (page 1 of 2 pages)   HK

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

HONG KIM _____ (Seal)
                                                           -Borrower

_____ (Seal)
                                                           -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE– Single Family– Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Bankers Systems, Inc., St. Cloud, MN Form MN-1  8/18/2000        Form 3200  1/01 *(page 2 of 2 pages)*

**Exhibit "1"**
**21 of 53**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

13

Attn: Joyce cho
Re : M—075 Hang Kim

자비 진빈기

Electronically Recorded in Official Records, County of San Bernardino

LARRY WALKER
Auditor/Controller - Recorder
893 LPS Default Title & Closing

Doc#: 2009-0347386    Titles: 1    Pages: 3

Fees     13.00
Taxes     .00
Other     .00
PAID     13.00

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

AZTEC FORECLOSURE CORPORATION
3300 N. Central Ave, Suite, 2200
Phoenix, AZ 85012

_Space above this line for recorder's use only_

Trustee Sale No. 09-510505VBK

## IMPORTANT NOTICE
### NOTICE OF DEFAULT AND ELECTION TO SELL
### UNDER DEED OF TRUST

IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This estimated amount is $7,214.62 as of August 5, 2009 and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in this paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between

Exhibit "1"
23 of 53

T.S. #: 09-510565VBK

you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: Lydian Mortgage, a Division of Lydian Private Bank, C/O Aztec Foreclosure Corporation, 3300 N. Central Ave., Suite 2200, Phoenix, AZ 85012, (602) 222-5711 or (800) 731-0850.

If you have any questions, you should contact a lawyer or the governmental agency, which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT: Aztec Foreclosure Corporation is the duly appointed Trustee under a Deed of Trust dated 07/02/07, executed by Hong Kim, A Married Men, as trustor, to secure obligations in favor of Mortgage Electronic Registration Systems, Inc., solely as nominee for Lydian Mortgage, a Division of Lydian Private Bank, a United States of America Federal Savings Bank, as Beneficiary recorded on July 6, 2007 in Instrument No. 2007-0398896 in the Office of the Recorder of SAN BERNARDINO County, California, as more fully described on said Deed of Trust. Including the note(s) for the sum of $337,250.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE 08/01/09 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH ALL LATE CHARGES AND ANY DELINQUENT TAXES AND/OR INSURANCE PREMIUMS ADVANCED BY THE BENEFICIARY.

Purported property address: 13095 Tawya Road, Apple Valley, CA 92308

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

See attached declaration pursuant to CALIFORNIA CIVIL CODE §2923.5

DATE: 08/05/09

AZTEC FORECLOSURE CORPORATION
As Trustee

By LPS Default Title and Closing, it's agent

2.

Aug 20 09 10:12a     Sun Liquor          7609475887          p.~

**DECLARATION OF COMPLIANCE for NOTICE OF DEFAULT**

Exhibit to Notice of Default

Borrower: Hong Kion          T.S.# M-5105165
Loan #   23589148

Property Address: 13095 Tawya Rd, Apple Valley, CA 92308

**IMPORTANT:** Please contact our office toll free at 817-999-7765 to discuss options for avoiding foreclosure. You may also contact a HUD-certified housing counseling agency by calling toll free at 800-569-4287.

The undersigned Mortgagee, Beneficiary or their authorized agent (collectively, "Beneficiary") represents and declares that one of the below three requirements of California Civil Code §2923.5 have been met.

☑  Pursuant to California Civil Code §2923.5(a)(2), not less than thirty (30) days prior to the concurrent recording of the Notice of Default, Borrower was contacted in person or by telephone to assess Borrower's financial circumstances and to explore options for Borrower to avoid foreclosure.

☐  Borrower was unable to be contacted pursuant to California Civil Code §2923.5; Beneficiary undertook diligent efforts to contact Borrower to discuss alternatives to foreclosure, and in a manner compliant with California Civil Code §2923.5(g)(4). Thirty days or more have elapsed since these due diligent efforts were completed.

☐  California Civil Code §2923.5 is not required because:
   ☐  The real property is not an owner-occupied single family residence;
   ☐  The loan was not originated between January 1, 2003 and December 31, 2007;
   ☐  The borrower surrendered the property as evidenced by the returning of the keys to the lender or a letter surrendering the property was delivered to the lender.
   ☐  The borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries pursuant to California Civil Code §2923.5(h)(1); or
   ☐  Borrower has filed for bankruptcy and the proceedings have not been finalized pursuant to California Civil Code §2923.5(h)(3).

Dated: 8/5/09                    Beneficiary/Authorized Agent Signature
                                 Printed Name: Delores Jennings
                                 Sr. Mngr. Collections

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

14

LAW OFFICES OF

# BENJAMIN KOO & ASSOCIATES

3600 WILSHIRE BOULEVARD
SUITE 1608
LOS ANGELES, CALIFORNIA 90010

TELEPHONE(213) 388-5555
FACSIMILE(213) 385-1007
EMAIL joyce.cho@gmail.com

June 1, 2009

_Via Certified Mail & Facsimile @ (609) 718-4740_
VirtualBank
PO Box 77423
Ewing, NJ 08628
Attn: Legal Department

Re: Loan No. 0023839145
      Hong Kim
      13095 Tawya Road
      Apple Valley, CA 92308-4520

## NOTICE OF DISPUTE & REQUEST FOR ACCOUNTING,
## NOTICE PURSUANT TO R.E.S.P.A., QUALIFIED WRITTEN REQUEST

Dear Sir or Madame:

This office has been retained by Hong Kim (the "Consumer") to resolve Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") violations by VirtualBank ("You" or "Your") relating to the abovereferenced federally related residential mortgage loan (the "Transaction"). This notice of dispute is based on the amount alleged due and owing in regard to the above stated account number or loan number and property description.

This office has conducted a reasonable investigation and inquiry into this matter and concluded that multiple accounting irregularities have occurred. The originator of this transaction failed to provide all material disclosures correctly, as that term is defined under 15 U.S.C. § 1635(a); Reg. Z §§ 226.23(a)(3), and in a form that the Consumer may keep, also pursuant to Reg. Z §§ 226.23(a)(3).

The Transaction is governed by 15 U.S.C. §§ 1601 et seq., and its implementing Regulation Z ("Reg. Z"), 12 C.F.R. §§ 226.1 et seq., and subsequent servicing is governed by the Real Estate Settlement Procedures Act ("RESPA") under 12 U.S.C. § 2601 et seq.

In addition, please treat this notice as a Qualified Written Request ("QWR") as that term is defined pursuant to 12 U.S.C. § 2605(e)(1)(B) and a request for accounting pursuant to Revised Article 9; Uniform Commercial Code § 9-210 _et. seq._ to prepare for your obligation to tender.

1

**Exhibit "1"**
**27 of 53**

Specifically You are hereby requested to produce:

1) The current interest rate on this account.

2) The adjustment dates of each interest rate adjustment on this account, with the corresponding adjustment amount.

3) The date your firm began servicing the loan, and the previous servicer of the loan.

4) For each payment received prior to initiation of any foreclosure proceeding, a complete payment history, including but not limited to the dates and amounts of all payments that have been made on the alleged loan to date, how the payment was applied or credited (indicating the portion, if any, applied or credited to principal, interest, escrow or suspense), the month to which the payment was applied and if interest and principle is calculated using an daily actuarial accounting method;

5) The recipient and amounts of any and all foreclosure fees and costs that have been charged to this account, including dates and amounts;

6) A) A breakdown of the current escrow charge showing how it is calculated and the reasons for any increase since origination,
B) All escrow payments showing the amount, payment date, purpose, and recipient of all escrow account items, including but not limited to taxes, water, sewer charges, and insurance premiums, charged and/or assessed to the indicated mortgage account since origination,
C) A certified copy of any annual escrow statements and notices of a shortage, deficiency or surplus, sent to me since origination;

7) An explanation of how the amount alleged due was calculated and an explanation of why this amount was deemed in default;

8) The amount, payment date, purpose, and recipient of all foreclosure expenses, late charges, NSF check charges, appraisal fees, property inspection/preservation fees, force placed insurance charges, legal fees, recoverable corporate advances, and other expenses or costs that have been charged and/or assessed since origination;

9) A statement indicating which covenants of the mortgage and/or note authorize each charge.

10) A copy of all appraisals, property inspections, and risk assessments completed for this account.

11) A comprehensive review of accounting document showing the breakdown of the amount claimed in arrears or delinquent;

12) A certified copy of all Master Pooling and Service Agreements between You and the creditor who is allegedly holder in possession of the original promissory note agreement

2

whereby the original promissory note agreement was pooled and securitized into a mortgage backed security;

13) A certified copy of all recourse agreements between You and any other bank or depository or financial institution and/or mortgage company as it relates specifically to this account and the Consumer's original promissory note agreement;

14) A certified copy of the Trust Agreement between You and any other bank or depository or financial institution and/or mortgage company as it relates specifically to this account and the Consumer's original promissory note agreement;

15) A certified copy of the written notice and material disclosure provided at settlement and additionally that informs the Consumer of all effective dates concerning the transfer of the Note and Security Instrument pursuant to 12 USC § 2605(c);

16) A certified copy of all letters, statements, documents, and material disclosures sent to the Consumer by previous Servicers, Sub-Servicers or others in your file or in your control or possession or in the control or possession of any affiliate, parent company, agent, Sub-Servicers, Servicers, attorney or other representative of Your company;

17) All accounting ledger journal entries and/or bookkeeping entries regarding the crediting of any and all Promissory Notes, money equivalents, or similar instruments, identified as or evidencing assets whether provided by and/or signed by the alleged borrowers and consumers relating to this Account;

18) A certified copy of all Truth in Lending disclosures; Notes/Agreements; Final Hud-1 Statements; Itemization of Amount Financed; Good Faith Estimates; and Notices of Right to Cancel in your file allegedly provided to the consumers at any alleged closing or consummation;

19) All account receivables relating to this Account that You recorded in its accounting ledger bookkeeping journal entries;

20) The particulars of this Account setting forth each item recorded on the account since origination to include any and all Promissory Notes, money equivalents, or similar instruments, identified as or evidencing assets whether provided by and/or signed by the alleged borrower or Consumer on which You base an amount alleged due and owing, and the date that each item was delivered to You;

21) An identification of the source of the funds used to fund the loan since its origination, including account name(s), number(s), and amount(s);

22) An identification of the source of the funds You used to purchase any and all Promissory Notes, money equivalents, or similar instruments, identified as or evidencing assets provided by and/or signed by the Consumer, which You claim is due and owing, including account name(s), number(s), and amount(s) and the date the purchase was completed by You;

3

23) Certified copies, front and back, of all checks issued by You used to fund and purchase and in payment of said promissory note, security instrument and all copies of checks paid as third-party fees paid out of closing by You;

24) A complete statement of damages and legal detriment, including each and every loss that You have incurred under the original promissory note agreement on which a non judicial foreclosure proceeding is based;

25) A copy of all written loss-mitigation rules and work-out procedures for this account.

26) A copy of all manuals pertaining to the servicing of this account.

27) A copy of the LSAMS Transaction History Report for this account, with a description of all fee codes.

28) If this account is registered with MERS, its MIN number.

Further, you are hereby requested to produce:

1.   A certified copy of the Master Pooling Service Agreement that names You as the Servicer and as the seller of the structured finance transaction;

2.   Pursuant to 17 CFR 240.12g5-1 provide the name of the "record holders" and/or the name of "each person who is identified as the owner of such securities on records of security holders maintained by or on behalf of the issuer," the date that the current "record holders" acquired this mortgage, and from whom it was acquired from;

3.   A certified copy of the Registration Statement as that term is defined under 15 USC § 77b(a)(8), i.e.; Form 8-A (short form) and Form 10 (long form) Registration Statements under the 1934 Act, Form S-1 and S-3 Registration Statement under the 1933 Act;

4.   Any request for exemption or No-action letters from the SEC with respect to their securities and all ACTS and certified copies of the application filed with the SEC for exempt status and the order issued by the SEC granting exempt relief from the appropriate provisions;

5.   If no registration statement pursuant to the 1933 Act is available or otherwise required, please provide a comprehensive description that meets the "General Statement" of Regulation S and satisfies the conditions applied to the "Safe Harbor" rule.

6.   Pursuant to the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. 97-248, 96 Stat. 324, a bearer debt security generally must be issued under arrangements reasonably designed to ensure that such obligation will be sold only to a person who is not a United States person and must satisfy certain other conditions identified in the Tax Code § 163 (f) (2) (B), and as

4

such please provide:

a)     The Identity of all parties with ownership interest who have met the criteria as adopted by Treasury Regulation § 1.1635(c)(i)(D) "TEFRA D" and § 1.163-5(c)(i)(C) "TEFRA C";

b)     Certified copies of all statements on a U.S. Form W-8 or substitute thereto certifying the owner's non-U.S. status where the obligations issued in registered form are not subject to the TEFRA rules and considered "portfolio interest."

c)     All information statements and returns filed with the IRS which identifies the name and address of all recipients of interest and original issue discount that meets the provisions of a U.S. obligor making payments to a foreign person under the Tax Code §§ 871(a)(1), 881(a), 1441(a), 1442(a) and § 6049;

7.     A description of whether the Special Purpose Vehicle or the originator is the "issuer" as that term is defined under 15 USC § 80a-2(a)(22) for registration purposes under the Investment Company Act of 1940;

8.     A description of whether the pool of securities issued is required to register under the statutory or statistical definition of the 1940 Act. (i.e. pursuant 17 CFR 270.3a-7 and if exempt, describe the characteristics that define the exception and avoids all requirements);

9.     The allonge, front and back, affixed to the Consumer's original promissory note with endorsements relating to and/or associated with this transaction.

Please be aware that the information contained in or filed with a Registration Statement, as that term is defined under 15 USC § 77b(a)(8), shall be made available to the public under 15 U.S.C. § 77f(d) including any amendment thereto and any report, document, or memorandum filed as part of such statement or incorporated therein by reference.

All communications (or omissions) will be considered intentional on your part and made a part of, and incorporated into, any litigation arising from this matter.

You should also be advised that your willful failure to respond to this letter on a timely basis will be used as evidence in this case to prove, among other things, the following:

1.     That Your violation of TILA and RESPA is continuing in nature and is further aggravated by your failure to properly respond to this letter;

2.     That Your QWR response and review systems suffer from serious defects and flaws as evidenced by your total failure to respond to this special certified notice from my law office;

Exhibit "1"
31 of 53

3.      That You have failed to implement adequate procedures for the due and lawful receipt and processing of QWRS and notices and for taking the necessary and proper steps to terminate collection and foreclosure proceedings after the timely receipt of such notices;

4.      That You have failed to implement any adequate procedures for the timely and proper review of certified letters from attorneys representing consumers in TILA and RESPA matters;

5.      That You have failed to take timely, necessary, appropriate and proper actions in this matter so as to avoid the filing of a complaint for damages;

6.      That Your willful and continuing violations have necessitated the filing for a Temporary Restraining Order (TRO) and an Injunction against foreclosure proceedings;

7.      That you have willfully failed to take timely and necessary actions in an effort to mitigate the damages you will suffer in this case;

8.      That you have needlessly increased the legal fees and expenses that have been and will be incurred by the Consumer in this case;

9.      That You have waived any right to object to the admission of this letter, and of Your failure to submit a timely response hereto, into evidence at any court hearing in this matter;

10.     That you have admitted that the Consumer is entitled to recover at least the amount of actual damages, punitive damages, and legal fees as set forth in this letter;

11.     That this letter may be introduced into evidence at any hearing in this case under Rule 803(b) of the Federal Rules of Evidence; and

12.     That your failure to respond on a timely basis as designated herein may be used against you as a Statement that is contrary to your pecuniary or proprietary interest as provided in Rule 804(b)(3) of the Federal Rules of Evidence.

Pursuant to 12 U.S.C. § 2605(e), you are hereby notified that placing any negative coding on the Consumer's credit report before responding to this letter is a violation of RESPA and the FCRA. Your organization will be subject to civil liability if negative coding appears for this account before a response to this QWR is issued to me.

Please provide me confirmation that you have received this QWR within 20 days, as required under 12 U.S.C. § 2605(e). Thereafter, please provide the requested information within 60 days of receipt of this letter, also as required under 12 U.S.C. § 2605(e).

By:

Joyce J. Cho, Esq.
Attorney for the Consumer

6

LAW OFFICES OF
## BENJAMIN KOO & ASSOCIATES
3600 WILSHIRE BOULEVARD
SUITE 1608
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 388-5555
FACSIMILE (213) 385-1007
E MAIL joyce.cho@gmail.com

OUR FILE NO.

## FACSIMILE TRANSMISSION

**Date:**           June 1, 2009

**Total Number of Pages (including this cover sheet):**          **9**

**To:**            VirtualBank – Legal Department

**Re:**            Loan No. 0023839145; Hong Kim; 13095 Tawya Road

**Fax No.:**        609-718-4740

**From:**           Joyce J. Cho, Esq.

**Documents:**      Letter dated June 1, 2009 – 6 pages
                    Third Party Authorization – 1 page
                    Limited Power of Attorney – 1 page

**Message:**

CONFIDENTIALITY NOTICE: The information contained in this facsimile is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.
IF YOU DO NOT RECEIVE ALL OF THESE PAGES, PLEASE CONTACT US AT (213) 388-5555.
THANK YOU.

```
┌─────────────────────────────────────────┐
│ TRANSMISSION VERIFICATION REPORT         │
└─────────────────────────────────────────┘

                              TIME  : 06/01/2009 10:12
                              NAME  : BENJAMIN KOO & ASSOC
                              FAX   : 2133851007
                              TEL   : 2133885555
                              SER.# : BROH4J797542
```

```
┌──────────────────────────────────────────────────────────────────┐
│                                                                    │
│   DATE,TIME            06/01  10:08                                 │
│   FAX NO./NAME         16097184740                                  │
│   DURATION            00:01:53                                      │
│   PAGE(S)             09                                            │
│   RESULT              OK                                            │
│   MODE                STANDARD                                      │
│                       ECM                                           │
│                                                                    │
└──────────────────────────────────────────────────────────────────┘
```

**U.S. Postal Service**
**CERTIFIED MAIL  RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ .51 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.51 |

Postmark Here

M-075 Hang Fm
01.09

Sent To: VIRTUALBANK
Street, Apt. No.; or PO Box No. PO BOX 77423
City, State, ZIP+4 EWING, NJ 08628  ATTN: Legal Dept.

7008 1830 0002 6313 7681

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

VirtualBank
PO BOX 77423
EWING, NJ 08628
ATTN: Legal Dept.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Damas Was_        ☐ Agent
                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
JAMES WAI

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)   7008 1830 0002 6313 7681

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

Exhibit "1"
35 of 53

LAW OFFICES OF
## BENJAMIN KOO & ASSOCIATES
3600 WILSHIRE BOULEVARD
SUITE 1608
LOS ANGELES, CALIFORNIA 90010
TELEPHONE(213) 388-5555
FACSIMILE(213) 385-1007
EMAIL joyce.cho@gmail.com

June 1, 2009

*Via Certified Mail & Facsimile @ 216-357-6595*
KeyBank
4910 Tiedeman Road
Mail Code OH-01-51-0501
Brooklyn, OH 44144
Attn: Legal Department

Re: Loan No. 3211024651680
　　　Hong Kim
　　　13095 Tawya Road
　　　Apple Valley, CA 92308-4520

<u>ACTUAL NOTICE TO RESCIND, NOTICE OF DISPUTE
& REQUEST FOR ACCOUNTING, NOTICE PURSUANT TO R.E.S.P.A.,
QUALIFIED WRITTEN REQUEST</u>

Dear Sir or Madame:

This office has been retained by Hong Kim (the "Consumer") to resolve Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") violations by KeyBank ( "You" or "Your") relating to the abovereferenced federally related residential mortgage loan (the "Transaction"). This notice of dispute is based on the amount alleged due and owing in regard to the above stated account number or loan number and property description.

This office has conducted a reasonable investigation and inquiry into this matter and concluded that multiple accounting irregularities have occurred. The originator of this transaction failed to provide all material disclosures correctly, as that term is defined under 15 U.S.C. § 1635(a); Reg. Z §§ 226.23(a)(3), and in a form that the Consumer may keep, also pursuant to Reg. Z §§ 226.23(a)(3). This transaction is subject to the unconditional right to rescind within three days, which has not yet begun to run.

The Transaction is governed by 15 U.S.C. §§ 1601 et seq., and its implementing Regulation Z ("Reg. Z"), 12 C.F.R. §§ 226.1 et seq., and subsequent servicing is governed by the Real Estate Settlement Procedures Act ("RESPA") under 12 U.S.C. § 2601 et seq. Accordingly, I hereby give effective notice to rescind and cancel the Transaction without any further notice. Notice to the Principals is Notice to the Agent and Notice to the Agent is Notice to the Principals.

1

**Exhibit "1"**
**36 of 53**

Please also be aware that since the security instrument is void, any nonjudicial foreclosure sale would be improper, wrongful, a breach of fiduciary duty, and would entitle the Consumer actual and punitive damages. See *Willis v. Friedman*, Clearinghouse No. 54,564 (Md. Ct. Spec. App. May 2, 2002).

The time period for exercising our right to rescind, the three-day (3) unconditional right, has yet to begin and extends up to three years, though it may also be asserted pursuant to the filing of a foreclosure notice on your part with the county recorder of deeds and asserted as a recoupment and set-off.

In addition, please treat this notice as a **Qualified Written Request ("QWR")** as that term is defined pursuant to 12 U.S.C. § 2605(e)(1)(B) and a request for accounting pursuant to Revised Article 9; Uniform Commercial Code § 9-210 *et. seq.* to prepare for your obligation to tender.

Specifically You are hereby requested to produce:

1) The current interest rate on this account.

2) The adjustment dates of each interest rate adjustment on this account, with the corresponding adjustment amount.

3) The date your firm began servicing the loan, and the previous servicer of the loan.

4) For each payment received prior to initiation of any foreclosure proceeding, a complete payment history, including but not limited to the dates and amounts of all payments that have been made on the alleged loan to date, how the payment was applied or credited (indicating the portion, if any, applied or credited to principal, interest, escrow or suspense), the month to which the payment was applied and if interest and principle is calculated using an daily actuarial accounting method;

5) The recipient and amounts of any and all foreclosure fees and costs that have been charged to this account, including dates and amounts;

6) A) A breakdown of the current escrow charge showing how it is calculated and the reasons for any increase since origination,
B) All escrow payments showing the amount, payment date, purpose, and recipient of all escrow account items, including but not limited to taxes, water, sewer charges, and insurance premiums, charged and/or assessed to the indicated mortgage account since origination,
C) A certified copy of any annual escrow statements and notices of a shortage, deficiency or surplus, sent to me since origination;

7) An explanation of how the amount alleged due was calculated and an explanation of why this amount was deemed in default;

8) The amount, payment date, purpose, and recipient of all foreclosure expenses, late charges,

2

NSF check charges, appraisal fees, property inspection/preservation fees, force placed insurance charges, legal fees, recoverable corporate advances, and other expenses or costs that have been charged and/or assessed since origination;

9) A statement indicating which covenants of the mortgage and/or note authorize each charge.

10) A copy of all appraisals, property inspections, and risk assessments completed for this account.

11) A comprehensive review of accounting document showing the breakdown of the amount claimed in arrears or delinquent;

12) A certified copy of all Master Pooling and Service Agreements between You and the creditor who is allegedly holder in possession of the original promissory note agreement whereby the original promissory note agreement was pooled and securitized into a mortgage backed security;

13) A certified copy of all recourse agreements between You and any other bank or depository or financial institution and/or mortgage company as it relates specifically to this account and the Consumer's original promissory note agreement;

14) A certified copy of the Trust Agreement between You and any other bank or depository or financial institution and/or mortgage company as it relates specifically to this account and the Consumer's original promissory note agreement;

15) A certified copy of the written notice and material disclosure provided at settlement and additionally that informs the Consumer of all effective dates concerning the transfer of the Note and Security Instrument pursuant to 12 USC § 2605(c);

16) A certified copy of all letters, statements, documents, and material disclosures sent to the Consumer by previous Servicers, Sub-Servicers or others in your file or in your control or possession or in the control or possession of any affiliate, parent company, agent, Sub-Servicers, Servicers, attorney or other representative of Your company;

17) All accounting ledger journal entries and/or bookkeeping entries regarding the crediting of any and all Promissory Notes, money equivalents, or similar instruments, identified as or evidencing assets whether provided by and/or signed by the alleged borrowers and consumers relating to this Account;

18) A certified copy of all Truth in Lending disclosures; Notes/Agreements; Final Hud-1 Statements; Itemization of Amount Financed; Good Faith Estimates; and Notices of Right to Cancel in your file allegedly provided to the consumers at any alleged closing or consummation;

19) All account receivables relating to this Account that You recorded in its accounting ledger bookkeeping journal entries;

<div style="text-align:center">3</div>

20) The particulars of this Account setting forth each item recorded on the account since origination to include any and all Promissory Notes, money equivalents, or similar instruments, identified as or evidencing assets whether provided by and/or signed by the alleged borrower or Consumer on which You base an amount alleged due and owing, and the date that each item was delivered to You;

21) An identification of the source of the funds used to fund the loan since its origination, including account name(s), number(s), and amount(s);

22) An identification of the source of the funds You used to purchase any and all Promissory Notes, money equivalents, or similar instruments, identified as or evidencing assets provided by and/or signed by the Consumer, which You claim is due and owing, including account name(s), number(s), and amount(s) and the date the purchase was completed by You;

23) Certified copies, front and back, of all checks issued by You used to fund and purchase and in payment of said promissory note, security instrument and all copies of checks paid as third-party fees paid out of closing by You;

24) A complete statement of damages and legal detriment, including each and every loss that You have incurred under the original promissory note agreement on which a non judicial foreclosure proceeding is based;

25) A copy of all written loss-mitigation rules and work-out procedures for this account.

26) A copy of all manuals pertaining to the servicing of this account.

27) A copy of the LSAMS Transaction History Report for this account, with a description of all fee codes.

28) If this account is registered with MERS, its MIN number.

Further, you are hereby requested to produce:

1. A certified copy of the Master Pooling Service Agreement that names You as the Servicer and as the seller of the structured finance transaction;

2. Pursuant to 17 CFR 240.12g5-1 provide the name of the "record holders" and/or the name of "each person who is identified as the owner of such securities on records of security holders maintained by or on behalf of the issuer," the date that the current "record holders" acquired this mortgage, and from whom it was acquired from;

3. A certified copy of the Registration Statement as that term is defined under 15 USC § 77b(a)(8), i.e.; Form 8-A (short form) and Form 10 (long form) Registration Statements under the 1934 Act, Form S-1 and S-3 Registration Statement under the 1933 Act;

4. Any request for exemption or No-action letters from the SEC with respect to

4

their securities and all ACTS and certified copies of the application filed with the SEC for exempt status and the order issued by the SEC granting exempt relief from the appropriate provisions;

5.  If no registration statement pursuant to the 1933 Act is available or otherwise required, please provide a comprehensive description that meets the "General Statement" of Regulation S and satisfies the conditions applied to the "Safe Harbor" rule.

6.  Pursuant to the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. 97-248, 96 Stat. 324, a bearer debt security generally must be issued under arrangements reasonably designed to ensure that such obligation will be sold only to a person who is not a United States person and must satisfy certain other conditions identified in the Tax Code § 163 (f) (2) (B), and as such please provide:

    a)  The Identity of all parties with ownership interest who have met the criteria as adopted by Treasury Regulation § 1.1635(c)(i)(D) "TEFRA D" and § 1.163-5(c)(i)(C) "TEFRA C";

    b)  Certified copies of all statements on a U.S. Form W-8 or substitute thereto certifying the owner's non-U.S. status where the obligations issued in registered form are not subject to the TEFRA rules and considered "portfolio interest."

    c)  All information statements and returns filed with the IRS which identifies the name and address of all recipients of interest and original issue discount that meets the provisions of a U.S. obligor making payments to a foreign person under the Tax Code §§ 871(a)(1), 881(a), 1441(a), 1442(a) and § 6049;

7.  A description of whether the Special Purpose Vehicle or the originator is the "issuer" as that term is defined under 15 USC § 80a-2(a)(22) for registration purposes under the Investment Company Act of 1940;

8.  A description of whether the pool of securities issued is required to register under the statutory or statistical definition of the 1940 Act. (i.e. pursuant 17 CFR 270.3a-7 and if exempt, describe the characteristics that define the exception and avoids all requirements);

9.  The allonge, front and back, affixed to the Consumer's original promissory note with endorsements relating to and/or associated with this transaction.

Please be aware that the information contained in or filed with a Registration Statement, as that term is defined under 15 USC § 77b(a)(8), shall be made available to the public under 15 U.S.C. § 77f(d) including any amendment thereto and any report, document, or memorandum filed as part of such statement or incorporated therein by reference.

5

If You cannot produce or refuse to provide any of the above specified information and indicated documentation, please explain why. You must contact me in writing and request an extension in the event that you need more than twenty (20) days to invalidate the security instrument and provide evidence thereof, and credit my account for amounts as follows:

1. All Finance Charges including all Finance Charges already accrued;
2. All closing costs;
3. Security interest charges;
   - Even if it is part of the amount financed as opposed to a finance charge;
4. All other charges incurred for the actual credit transaction;
   - Application fees
   - Membership fees
   - Commitment fees
   - Appraisal fees
   - Survey fees
   - Broker fees
   - Credit report fees
   - Filing fees
   - Title search fees
   - Attorney fees
5. Any monies given as earnest money, down payment or otherwise;
6. Credit any payment made on the entire loan; .
7. All costs incurred outside of the credit transaction must be refunded including any attorney's fees associated with the foreclosure or they become an actual damage.

All communications (or omissions) will be considered intentional on your part and made a part of, and incorporated into, any litigation arising from this matter.

You should also be advised that your willful failure to rescind the transaction on a timely basis will be used as evidence in this case to prove, among other things, the following:

1. That Your violation of TILA and RESPA is continuing in nature and is further aggravated by your failure to properly rescind the Transaction, and the continuing demands for payment associated therewith;

2. That Your failure to properly rescind the Transaction and withdraw demands for payment on a reasonable and timely basis as requested herein enhances the claim of the Consumer for the award of punitive damages for a willful violation of TILA and RESPA;

3. That Your QWR response and rescission notice review systems suffer from serious defects and flaws as evidenced by your total failure to respond to this special certified notice from my law office;

4. That You have failed to implement adequate procedures for the due and lawful receipt and processing of QWR and rescission notices and for taking the necessary and proper steps to

6

rescind transactions and terminate collection and foreclosure proceedings after the timely receipt of such notices;

5.      That You have failed to implement any adequate procedures for the timely and proper review of certified letters from attorneys representing consumers in TILA and RESPA matters;

6.      That You have failed to take timely, necessary, appropriate and proper actions in this matter so as to avoid the filing of a complaint for damages;

7.      That Your willful and continuing violations have necessitated the filing for a Temporary Restraining Order (TRO) and an Injunction against foreclosure proceedings;

8.      That you have willfully failed to take timely and necessary actions in an effort to mitigate the damages you will suffer in this case;

9.      That you have needlessly increased the legal fees and expenses that have been and will be incurred by the Consumer in this case;

10.     That You have waived any right to object to the admission of this letter, and of Your failure to submit a timely response hereto, into evidence at any court hearing in this matter;

11.     That you have admitted that the Consumer is entitled to recover at least the amount of actual damages, punitive damages, and legal fees as set-forth in this letter;

12.     That this letter may be introduced into evidence at any hearing in this case under Rule 803(b) of the Federal Rules of Evidence; and

13.     That your failure to respond on a timely basis as designated herein may be used against you as a Statement that is contrary to your pecuniary or proprietary interest as provided in Rule 804(b)(3) of the Federal Rules of Evidence.

Pursuant to 12 U.S.C. § 26085(e), you are hereby notified that placing any negative coding on the Consumer's credit report before responding to this letter is a violation of RESPA and the FCRA. Your organization will be subject to civil liability if negative coding appears for this account before a response to this QWR is issued to me.

Please provide me confirmation that you have received this QWR within 20 days, as required under 12 U.S.C. § 2605(e). Thereafter, please provide the requested information within 60 days of receipt of this letter, also as required under 12 U.S.C. § 2605(e).

By:

Joyce J. Cho, Esq.
Attorney for the Consumer

7

LAW OFFICES OF

# BENJAMIN KOO & ASSOCIATES

3600 WILSHIRE BOULEVARD
SUITE 1608
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 388-5555
FACSIMILE (213) 385-1007
E MAIL joyce.cho@gmail.com

OUR FILE NO.

## FACSIMILE TRANSMISSION

**Date:** June 1, 2009

**Total Number of Pages (including this cover sheet):** 10

**To:** KeyBank – Legal Department

**Re:** Loan No. 3211024651680; Hong Kim; 13095 Tawya Road

**Fax No.:** 216-357-6595

**From:** Joyce J. Cho, Esq.

**Documents:** Letter dated June 1, 2009 – 7 pages
Third Party Authorization – 1 page
Limited Power of Attorney – 1 page

**Message:**

CONFIDENTIALITY NOTICE: The information contained in this facsimile is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.
IF YOU DO NOT RECEIVE ALL OF THESE PAGES, PLEASE CONTACT US AT (213) 388-5555.
THANK YOU.

```
                        ┌─────────────────┐
                        │ ACTIVITY REPORT │
                        └─────────────────┘

                                    TIME : 06/01/2009 10:31
                                    NAME : BENJAMIN KOO & ASSOC
                                    FAX  : 2133051007
                                    TEL  : 2133005555
                                    SER.# : BROH4J797542
```

| NO. | DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|---|---|---|---|---|---|---|---|
| | 05/27 | 15:27 | 13234660396 | 02:56 | 05 | OK | RX ECM |
| | 05/27 | 15:40 | 13234660396 | 01:36 | 02 | OK | RX ECM |
| | 05/27 | 16:15 | | 20 | 01 | OK | RX ECM |
| #308 | 05/27 | 17:08 | 13234660396 | 01:11 | 03 | OK | TX ECM |
| #309 | 05/27 | 17:10 | 15628069228 | 16 | 01 | OK | TX |
| #310 | 05/27 | 18:17 | 18187074294 | 15 | 01 | OK | TX ECM |
| | 05/28 | 09:29 | 661 974 7001 | 04:28 | 09 | OK | RX ECM |
| | 05/28 | 09:51 | 2137659910 | 26 | 01 | NG | RX ECM |
| | 05/28 | 09:53 | 2137659910 | 08:25 | 21 | OK | RX |
| | 05/28 | 10:20 | 7148409205 | 33 | 01 | OK | RX |
| | 05/28 | 12:42 | 3237312601 | 15 | 01 | OK | RX ECM |
| #311 | 05/28 | 13:56 | 18055774552 | 27 | 03 | OK | TX ECM |
| #312 | 05/28 | 14:09 | 18055205019 | 00 | 00 | BUSY | TX |
| #313 | 05/28 | 14:10 | 18055205019 | 49 | 03 | OK | TX ECM |
| #314 | 05/28 | 16:01 | 15624028628 | 16 | 01 | OK | TX ECM |
| | 05/28 | 15:21 | | 23 | 00 | NG | RX |
| | 05/28 | 16:22 | 13234660396 | 38 | 01 | OK | RX ECM |
| #315 | 05/28 | 16:48 | 18774330796 | 50 | 06 | OK | TX ECM |
| | 05/28 | 16:56 | 2137480085 | 43 | 01 | OK | RX |
| #316 | 05/29 | 09:06 | 17148409205 | 37 | 01 | OK | TX |
| | 05/29 | 09:08 | | 31 | 01 | OK | RX ECM |
| #317 | 05/29 | 12:01 | 13106646005 | 01:29 | 04 | OK | TX ECM |
| #318 | 05/29 | 12:14 | 16265011072 | 01:24 | 04 | OK | TX ECM |
| #319 | 05/29 | 12:32 | 12139864584 | 44 | 05 | OK | TX ECM |
| | 05/29 | 13:55 | 5624028628 | 14 | 01 | OK | RX |
| | 05/29 | 14:11 | 7485045 | 54 | 01 | OK | TX ECM |
| #320 | 05/29 | 15:20 | 18055774552 | 27 | 03 | OK | TX ECM |
| | 05/30 | 11:33 | 8188065431 | 15 | 01 | OK | RX |
| | 05/30 | 20:24 | | 52 | 01 | OK | RX |
| | 06/01 | 08:10 | 5624028628 | 20 | 02 | OK | RX ECM |
| #321 | 06/01 | 09:03 | 13185503342 | 01:27 | 07 | OK | TX ECM |
| #322 | 06/01 | 09:07 | 13185503342 | 01:49 | 09 | OK | TX ECM |
| #323 | 06/01 | 09:15 | 17042081350 | 02:25 | 10 | OK | TX ECM |
| | 06/01 | 10:07 | | 01:13 | 03 | OK | RX ECM |
| #324 | 06/01 | 10:08 | 16097184740 | 01:53 | 09 | OK | TX ECM |
| #325 | 06/01 | 10:14 | 12163676595 | 03:16 | 10 | OK | TX ECM |
| #326 | 06/01 | 10:18 | 3836000 | 56 | 08 | OK | TX ECM |
| | 06/01 | 10:29 | | 11 | 01 | OK | RX ECM |

```
BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION / OUT OF MEMORY
CV  : COVERPAGE
POL : POLLING
RET : RETRIEVAL
```

**Exhibit "1"**
**44 of 53**

**U.S. Postal Service**
**CERTIFIED MAIL: RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ .61 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.51 |

Postmark Here

7008 1830 0002 6313 7674

Sent To KeyBank 4910 Tiedeman Road
Street, Apt. No.; or PO Box No. Mail Code OH-01-51-0501
City, State, ZIP+4 Brooklyn, OH 44144 Attn: Legal Dept.

PS Form 3800, August 2006        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

KeyBank
4910 Tiedeman Road
Mail Code OH-01-51-0501
Brooklyn, OH 44144
Attn: Legal Dept.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ □ Agent
□ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? □ Yes
   If YES, enter delivery address below: □ No

3. Service Type
   ☑ Certified Mail   □ Express Mail
   □ Registered       □ Return Receipt for Merchandise
   □ Insured Mail     □ C.O.D.
4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)    7008 1830 0002 6313 7674

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

Exhibit "1"
45 of 53

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Benjamin Koo (CA SBN 198324); Joyce J. Cho (CA SBN 256165)
BENJAMIN KOO & ASSOCIATES
3600 Wilshire Blvd., Suite 1608
Los Angeles, CA 90010
TELEPHONE NO.: (213) 388-5555    FAX NO.: (213) 385-1007
ATTORNEY FOR *(Name):* Plaintiff Hong Kim

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 14455 Civic Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Victorville, CA 92392
BRANCH NAME: Victorville Courthouse

CASE NAME:
Kim v. Lydian Private Bank DBA VirtualBank, et al.

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

OCT 0 5 2009

BY: _____
ESTHER ORONA, DEPUTY

CASE NUMBER: CIVVS906669

JUDGE:
DEPT:

| CIVIL CASE COVER SHEET | Complex Case Designation |
|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☑ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 7
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 5, 2009
Joyce J. Cho, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit A**
46 of 53

P.047     96%     2001890018     FI.01   3030 30 050

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO   CIVVSJU6669

Hong Kim

                              Case No. _____

                    vs.

                              CERTIFICATE OF ASSIGNMENT

Lydian Private Bank, et al,

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the   Victorville
District of the Superior Court under Rule 404 of this court for the checked reason:
          [X] General          [ ] Collection
          Nature of Action          Ground

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [X] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other | |
| [ ] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

13095 Tawya Road
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)          ADDRESS
Apple Valley, CA 92308
(CITY)          (STATE)          (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

October 5, 2009                    at   Los Angeles                    , California

                                        _____
                                        Signature of Attorney/Party

13-18503-360 Rev. 10/94                                        8B-16503

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

VICTORVILLE DISTRICT
14455 CIVIC DRIVE
VICTORVILLE, CA  92392
                       CASE NO: CIVVS906669

http://www.sbcounty.gov/courts

IN RE: KIM VS LYDIAN PRIVATE BANK

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO JUDGE STEVE C MALONE IN DEPARTMENT V10 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set:
01/12/10 at  8:30 in Department V10. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 03/15/10 at  8:30
in Department V10.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
                  Tressa S. Kentner, Clerk of the Court
                  By: ESTHER ORONA
Date: 10/15/09
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
(✓) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 10/15/09
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 10/15/09 at Victorville, CA  By: ESTHER ORONA

**Exhibit "1"**
**48 of 53**



You Don't Have to Sue

Here Are Some Other Ways

To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR

Revised July 1, 2009

-3-

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution.   This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation.   However, mediation can be successful for victims seeking restitution from offenders.  A mediator can meet with the parties separately when there has been violence between them.

- ● **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute.  This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.  Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge.  Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California.   Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding.  In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision.   By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to

-5-

Exhibit "1"
51 of 53

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types: The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210**, or

- Contact the **local bar association**, or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

-7-

Revised July 1, 2009

Exhibit "1"
52 of 53

Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.100 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

Jurors: Please contact the Jury Services Office at (909) 387-6244.

Others: Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

Court employees: To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's intranet

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504

Request for Accommodation Instruction Sheet 🖼
Non Fillable Form and Rule of Court 1

Request for Accommodation Form 🖼
Fillable Version (MC-410)

Q&A on Rule of Court 1.100
Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm

Exhibit "1"
53 of 53

("Virtual Bank") hereby removes the above-captioned action to this Court. The grounds for said removal are as follows:

## GENERAL BACKGROUND

1.     Plaintiff HONG KIM ("Plaintiff") filed a Complaint in the San Bernardino County Superior Court on or about October 5, 2009, which was designated as Case No. CIVVS 906669 (the "State Court Action"). True and correct copies of all pleadings obtained by Defendants to date in the State Court Action are attached hereto as **Exhibit 1**.

2.     Plaintiff's lawsuit arises from a dispute regarding foreclosure of the loan secured by real property located at 13095 Tawya Road, Apple Valley, CA, California (the "Property").

3.     The instant removal is timely. Virtual Bank was personally served in the State Court Action on November 5, 2009 (*See* Exhibit 1). As a result, this removal satisfies the requirements of 28 U.S.C. § 1446(b) because it is brought within 30 days of service of the State Court Action.

4.     This Notice of Removal is brought on behalf of Virtual Bank. Plaintiff's complaint names two defendants other than Virtual Bank: (1) "KEYCORP DBA KEYBANK" and (2) AZTEC FORECLOSURE CORPORATION.

5.     AZTEC FORECLOSURE CORPORATION, the foreclosure trustee for the Property, was not required to join in this removal because it is a nominal party to this action. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) ("A defendant is a nominal party where his role is limited to that of a stakeholder or depositary.") A true copy of Aztec's Declaration Re: Non Monetary Status is attached as **Exhibit "2"**.

6.     KEYCORP DBA KEYBANK, was not required to be joined in this removal because an entity by that name could not be located. Unknown parties need not join in a petition for removal. *Emrich v. Touche Ross & Co.* 846 F.2d 1190, 1193 fn.1 (9th Cir.1988) (No need for "nominal, unknown or fraudulently joined parties" to join in petition for removal.)

7.     I attempted to locate "KEYCORP DBA KEYBANK" but, despite my best efforts, I was unable to locate any entity using that name.  The Complaint in the State Court Action alleges that KEYCORP DBA KEYBANK is authorized to transact business in San Bernardino County. (*See* Complaint ¶3)  But an online fictitious business name search in San Bernardino County revealed no businesses registered under that name.  The relevant pages from the San Bernardino County website (http://170.164.50.51/fbn/index.html) are attached hereto as **Exhibit "3"**. A search of the California Secretary of State's corporate database similarly failed

to reveal any corporation or LLC named "Keycorp" registered to conduct business in the State of California.

8.      Plaintiff raises numerous allegations based on federal laws.   For example, plaintiff alleges various violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA").   *See* Complaint ¶¶29-37, 38-42, respectively.   Additionally, Plaintiff invokes various federal statutes and regulations including 15 U.S.C. 1601, Regulation Z, 12 C.F.R. §§ 226.1, 226.5 and 226.18 (Complaint ¶¶31-36), as well as, 12 U.S.C. §1205 (Complaint ¶¶40-41). Therefore, Plaintiff's claims are premised on at least nine different laws which are federal in nature.

9.      Since Plaintiff's claims are all rooted in, and derivative to, the notion that applicable loan and deed are allegedly void, the federal aspects of Plaintiff's claim are inextricably commingled with any state aspects.

10.     The San Bernardino County Superior Court is located within the Central District of California, Eastern Division.   Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a).

## II. **FEDERAL QUESTION JURISDICTION**

11.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States.   A case arises

under federal law where the vindication of a right under state law necessarily turns on some construction of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9 (1983). Where a plaintiff claims to rely on a state remedy, but the rights she possesses are actually based on federal law, federal question jurisdiction exists. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1211-1212 (9th Cir. 1980). Adjudication of Plaintiff's Complaint requires an analysis and construction of federal law, namely Regulation Z, TILA and RESPA, and others identified in paragraph 8 *supra.*

12.    Plaintiff incorporates by reference the allegations of those claims into each subsequent cause of action. Therefore, four (4) of Plaintiff's seven (7) claims directly implicate federal laws.

### III. SUPPLEMENTAL JURISDICTION

13.    The Court has supplemental jurisdiction over the remaining state law claims because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. *See, e.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.,* 333 F.3d 923, 925 (9th Cir. 2003). The facts related to state law claims (i.e., details of loan origination, payment history, communications with the loan servicer, and the

foreclosure process) are all intertwined with the events underlying the federal claims. Accordingly, the Court should extend supplemental jurisdiction over all of Plaintiff's state law claims.

## IV. **ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

14.     Removal of this action is timely. Plaintiffs' Complaint was filed on October 5, 2009. Virtual Bank was served on November 5, 2009. Removal therefore comports with the requirements of 28 U.S.C. § 1446.

15.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all contents associated with the State Court Action are attached hereto as **Exhibit 3**.

## V. **CONCLUSION**

16.     In light of the foregoing, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) regardless of any diversity of citizenship or amount in controversy.

17.     By this notice of removal and the associated attachments, Defendants do not waive any objections it may have as to service, jurisdiction, venue, or any other defenses or objections it may have to this action. Defendants intend to convey no admission of fact, law, or liability by virtue of this notice, and Defendants expressly reserve all defenses, motions and/or pleas.

---

18.   Virtual Bank prays that the State Court Action be removed to this Court, that all further proceedings in the state court be stayed, and that Defendants receive all additional relief to which they are entitled.

Dated:  November 19, 2009

**HOUSER & ALLISON**
A Professional Corporation


_____Brian Edwards_____
Eric D. Houser
Brian Edwards
Attorneys for Defendant
VIRTUAL BANK, a Division of
Lydian Private Bank

## ORIGINAL

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

NOV 0 3 2009

BY _____
ARLENE SALAZAR/DEPUTY

1  WRIGHT, FINLAY & ZAK, LLP
   Robin Prema Wright, Esq., SBN 150984
2  Nicole K. Neff, Esq., SBN 257964
3  4665 MacArthur Court, Suite 280
   Newport Beach, CA 92660 (Kim, Hong/Declaration of Non-Monetary Status)
4  Tel. (949) 477-5050; Fax (949) 477-9200
5  rwright@wrightlegal.net

6  Attorneys for Defendant,
   AZTEC FORECLOSURE CORPORATION
7

8              SUPERIOR COURT OF CALIFORNIA

9        COUNTY OF SAN BERNARDINO – VICTORVILLE DISTRICT

10                                        F A X E D

11
   HONG KIM, an individual,              )  Case No.: CIVVS906669
12                                        )
13              Plaintiff,                )
                                          )  **DECLARATION RE: NON-**
14      vs.                               )  **MONETARY STATUS OF**
                                          )  **DEFENDANT AZTEC FORECLOSURE**
15  LYDIAN PRIVATE BANK DBA               )  **CORPORATION**
16  VIRTUALBANK; KEYCORP DBA              )
    KEYBANK; AZTEC FORECLOSURE            )  *[Civil Code Section 2924(l)]*
17  CORPORATION, a California corporation;)
    And DOES 1 through 10, inclusive,     )
18              Defendants.               )
19                                        )
20                                        )
21  _____  )

22      I, Robbie Weaver, do hereby declare and state as follows:

23      1.    I am National Operations Manager for Defendant, Aztec Foreclosure

24  Corporation, ("Aztec" or "Defendant") in the above-referenced action. I have personal

25  knowledge of the facts set forth herein, and if called upon to do so, I would and could

26  competently testify thereto.

27      2.    On October 5, 2009, Plaintiff, Hong Kim ("Plaintiff"), filed a Complaint in the

28  San Bernardino Superior Court, ("Complaint"), for Violations of California Financial Code;

    Negligence; Violation of California Business & Professions Code; Violation of Truth in

                                -1-

                   DECLARATION OF NON-MONETARY STATUS

EXHIBIT  2
PAGE  1  OF  4

1  Lending Act; Violation of Real Estate Settlement Procedures Act; Declaratory Relief and
2  Injunction. The Complaint arises out of a loan involving the borrower and the lender. Aztec
3  is simply the foreclosure trustee ("Trustee"), with the power to foreclose on the property that
4  arises from the Deed of Trust securing the loan.

5      3.    Based on my review of Plaintiff's Complaint, it is my reasonable belief that
6  Aztec has been named in this action solely in its capacity as Trustee, and not arising out of
7  any wrongful acts or omissions on its part in the performance of its duties as Trustee. The
8  basis for my reasonable knowledge or belief set forth above is that Aztec has not been
9  involved in any way with the property which is the subject of this lawsuit outside of its
10  capacity as Trustee, and has no interest in the property, except to be named as the Trustee
11  under the deed of trust encumbering the property by way of Substitution of Trustee. The
12  trustee's conduct, including the recording of the substitution of trustee and foreclosure
13  notices, is *privileged* pursuant to *Civil Code* §§47 and 2924(d).

14      4.    I am not aware of any evidence produced to date by Plaintiff or the remaining
15  Defendants, or of any facts, documents, or testimony tending to suggest that Aztec engaged
16  in any misconduct in connection with the performance of its duties as Trustee. Pursuant to
17  *Civil Code* §2924(b) the foreclosure trustee incurs no liability for reliance in good faith on
18  information provided in good faith by the beneficiary regarding the nature and amount of the
19  default under the secured obligation. Further, pursuant to *Civil Code* §2924(b), foreclosure
20  trustees are not subject to the California Rosenthal Act.

21      5.    The Complaint makes no allegations that Aztec failed to perform any of its
22  duties as a Trustee, and a review of Aztec's file confirms that Aztec complied with the
23  applicable foreclosure statutes. None of the remaining Defendants filed a Cross-Complaint
24  against Aztec alleging any defect in the performance of its duties as trustee, either under the
25  Deed of Trust, or the applicable statutes set forth in *Civil Code* §2924, et seq.
26  ///
27  ///
28  ///

-2-

DECLARATION OF NON-MONETARY STATUS

EXHIBIT 2
PAGE 2 OF 4

6.    Given the foregoing facts, Aztec hereby agrees to be bound by whatever non-monetary Order or Judgment that this Court issues with regard to the Deed of Trust which is the subject of this lawsuit.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 20 day of October, 2009, at Phoenix, Arizona.

Robbie Weaver, Declarant

-3-

DECLARATION OF NON-MONETARY STATUS

EXHIBIT 2
PAGE 3 OF 4

## PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On November 2, 2009, I served the **DECLARATION OF NON-MONETARY STATUS OF DEFENDANT AZTEC FORECLOSURE CORPORATION** on all interested parties in this action as follows:

[ X ]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Benjamin Koo, Esq.
Benjamin Koo & Associates
3600 Wilshire Boulevard, Ste. 1608
Los Angeles, CA 90010
213-388-5555; Fax: 213-385-1007
Attorneys for Plaintiff Hong Kim

[ X ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand delivered to the office of the addressee.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]   (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 2, 2009, at Newport Beach, California.

Gretchen Grant

1

PROOF OF SERVICE

EXHIBIT ___
PAGE __4__ OF _4_

# Fictitious Business Names Search

**Search Criteria**

    **Business Name: KEYBANK**

    **Owner's Name(Corporation):**

    **Owner's Name(Individual):**

    **FBN Number:**

    **Date Of Filing:**

| Business Name | Owner Name(Last, First, Middle) | Certificate | File date | Status | Type |
|---|---|---|---|---|---|
| No records found for the search criteria. | | | | | |
| | | | | NEW SEARCH | |

EXHIBIT 3
PAGE 1 OF 3

# Fictitious Business Names Search

**Search Criteria**

    **Business Name: KEYBANK**

    **Owner's Name(Corporation):**

    **Owner's Name(Individual):**

    **FBN Number:**

    **Date Of Filing:**

| Business Name | Owner Name(Last, First, Middle) | Certificate | File date | Status | Type |
|---|---|---|---|---|---|
| No records found for the search criteria. | | | | | |
| | | | | | NEW SEARCH |

EXHIBIT 3
PAGE 2 OF 3

# Fictitious Business Names Search

**Search Criteria**

**Business Name: KEYBANK**

**Owner's Name(Corporation):**

**Owner's Name(Individual):**

**FBN Number:**

**Date Of Filing:**

| Business Name | Owner Name(Last, First, Middle) | Certificate | File date | Status | Type |
|---|---|---|---|---|---|
| No records found for the search criteria. | | | | | |
| | | | | | NEW SEARCH |

EXHIBIT 2
PAGE 3 OF 3

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

On November 19, 2009, I served the following document described as:

**NOTICE OF REMOVAL OF ACTION BASED UPON FEDERAL QUESTION JURISDICTION**

On the following interested parties in this action:

Benjamin Koo
Joyce J. Cho
BENJAMIN KOO & ASSOCIATES
3600 Wilshire Boulevard
Los Angeles, CA 90010

[X]   **VIA MAIL** -- By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on November 19, 2009, at Irvine, California.

Sherie L. Cleeré

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV09- 2149 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
HONG KIM

**DEFENDANTS**
LYDIAN PRIVATE BANK DBA VIRTUAL BANK; KEYUCORP DBA KEYBANK; AZTEC FORECLOSURE CORPROATION, a California corporation; and Does 1 through 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Benjamin Koo/Joyce J. Cho          (213) 388-5555
BENJAMIN KOO & ASSOCIATES
3600 Wilshire Boulevard, Ste. 1608, Los Angeles, CA 90010

Attorneys (If Known)
Brian S. Edwards          (949) 679-1111
HOUSER & ALLISON, APC
9970 Research Drive
Irvine, CA 92618

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ 200,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1331 441

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☒ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

ED CV 09 - 02149 VAP (OPX)

**FOR OFFICE USE ONLY:**     Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

NOV 19 2009

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                          ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                          ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                          ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Palm Beach, Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNARDINO | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _Brian Edwel_  Date 11/19/09

Notice to Counsel/Parties:  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |