1  ERIC D. HOUSER (SBN 130079)
2  BRIAN S. EDWARDS (SBN 166258)
   HOUSER & ALLISON
3  A Professional Corporation
   9970 Research Drive
4  Irvine, CA 92618
5  Telephone: (949) 679-1111
   Facsimile: (949) 679-1112
6  bedwards@houser-law.com
7
8  Attorneys for Defendant Virtual Bank, a Division of Lydian Private Bank,
   erroneously sued as Lydian Private Bank dba Virtual Bank
9

## UNITED STATES DISTRICT COURT
10
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION
11

12  HONG KIM, an individual,           )  No.: ED CV 09-02149 SJO (Opx)
13                                      )
                       Plaintiff,       )  Hon. S. James Otero
14                                      )
15  v.                                  )  **DEFENDANT VIRTUAL BANK'S**
                                        )  **NOTICE OF MOTION AND**
16                                      )  **MOTION TO DISMISS**
    LYDIAN PRIVATE BANK DBA            )  **PLAINTIFF'S COMPLAINT;**
17  VIRTUAL BANK; KEYCORP DBA )  **MEMORANDUM OF POINTS AND**
    KEYBANK; AZTEC                      )  **AUTHORITIES IN SUPPORT**
18  FORECLOSURE CORPORATION, )
    a California corporation; and DOES )
19  1 through 10, inclusive,            )  [Request for Judicial Notice Filed
20                                      )  Concurrently]
                                        )
21                     Defendants.      )  [Fed. R. Civ. P. 12(b)(6)]
22                                      )
                                        )  Date:   January 4, 2010
23                                      )  Time:   10:00 a.m.
24                                      )  Crtrm:  1
                                        )
25                                      )
                                        )
26                                      )
                                        )
27                                      )
                                        )
28  _____)

1

1   **PLEASE TAKE NOTICE** that on January 4, 2010, at the above entitled
2   Court located at 312 N. Spring St., Courtroom 1, Los Angeles, CA at 10:00 a.m.,
3   the Honorable S. James Otero, United States District Court Judge presiding,
4   Defendant Virtual Bank, a Division of Lydian Private Bank, erroneously sued as
5   Lydian Private Bank dba Virtual Bank ("Virtual Bank'), will and hereby does
6   move this Court to dismiss, with prejudice, Plaintiff Hong Kim's ("Plaintiff")
7   Complaint on file herein.

8   This Motion is made and based upon Rule 12(b)(6) of the *Federal Rules of*
9   *Civil Procedure*, and is based on the ground that Plaintiff has failed to state a
10  claim upon which relief can be granted against Virtual Bank. This Motion is
11  based upon this Notice, the attached Motion to Dismiss with Memorandum of
12  Points and Authorities, the Court's files concerning this action, together with
13  those facts and documents of which the parties request judicial notice and/or
14  matters of which judicial notice is proper, as well as any oral argument that may
15  be presented at the time of the hearing.   This Motion is submitted without
16  conference between the parties as permitted by L.R. 7-3 AND L.R. 16-12.

17
18  Dated:   December 7, 2009                    HOUSER & ALLISON, APC

19                                              */s/ Brian S. Edwards*
                                                Brian S. Edwards
20                                              Attorneys for Defendant
21                                              Virtual Bank, a Division of Lydian
                                                Private Bank
22
23
24
25
26
27
28

1

## **TABLE OF CONTENTS**

2

I.    INTRODUCTION ...............................................................................................1

II.   BRIEF STATEMENT OF FACTS ...................................................................1

III.  LEGAL ARGUMENT.......................................................................................3

A.   The Complaint Fails to Distinguish Among the Defendants...........................3

B.   PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF CALIFORNIA FINANCIAL
CODE SECTION 4973 FAILS AS TO VIRTUAL BANK ...................................3

1.   Plaintiff Fails To Allege Loan 1 Is "Covered Loan" Under Statute........................4

2.   Holder In Due Course Not Liable Under *Cal.Fin.Code Code* Section 4973..............5

3.   *Cal.Fin.Code Code* Section 4973 Claim Preempted Against Virtual Bank – A
Federally Chartered Lending Institution............................................................5

C.   PLAINTIFF'S SECOND CLAIM FOR NEGLIGENCE FAILS AS TO VIRTUAL
BANK.............................................................................................................6

1.   Plaintiff Fails to Allege Relationship With Virtual Bank Giving Rise to Duty of
Care ............................................................................................................6

2.   A Bank Does Not Owe A Duty of Care To A Borrower In A Loan Transaction As
A Matter of Law ............................................................................................7

3.   Negligence Not Appropriate Because Plaintiffs' Claims Are Fundamentally
Contractual ...................................................................................................9

D.   Plaintiff's Third Claim for Violation of Business and Professions Code 17200 Fails .9

1.   Virtual Bank Cannot Be Liable Under Section 17200 Because it Did Not
Personally Participate in the Alleged Conduct....................................................9

2.   The 17200 Claim is Not Pled With Specificity.................................................10

E.   Plaintiff's Fourth Claim for Violation of Truth in Lending Act Fails........................11

**1.      Claim for Damages Under TILA is Time Barred** ......................................11

**2.       Plaintiffs are not entitled to rescission**..........................................................11

**F.     Plaintiff's Fifth Claim for Violation of the Real Estate Settlement Procedures Act Fails to State a Claim**............................................................................................12

**1.      Plaintiffs' RESPA Disclosure Claim Is Time-Barred** ...............................12

**2.      RESPA Claim Fails Because Plaintiff Failed to Allege Pecuniary Loss**..................13

**3.      RESPA Claim Fails Because Account Irregularities Not Disclosed in QWR**.........14

**G.    Plaintiff's Sixth Claim for Declaratory Relief Fails**.......................................15

**1.      Plaintiffs' Claim Fails Because It Is Predicated On Failed Claims** .........................15

**2.      Declaratory Relief Improper to Address Alleged Past Wrongs**................................16

**H.    Plaintiff's Seventh Claim for Injunctive Relief Is Unwarranted**................................17

**IV.      CONCLUSION** ...............................................................................................18

# **TABLE OF AUTHORITIES**

**Cases**

*Aguero* v. *Mortgageit, Inc.*, 2009 WL 2486311 *2 (E.D.Cal., 2009) ................................................5

*Balistieri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) ..........................................1

*Ball v. FleetBoston Financial Corp.* (2008) 164 Cal.App.4th 794, 800 ......................................16

*Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th 65, 82 ..................................16

*Bennet v. Suncloud*, 56 Cal. App. 4th 91 (1997).........................................................................10

Branch v. Tunnel, 14 F3d 449, 454 (9th Cir. 1994).........................................................................2

*Bulbman, Inc. v. Nevada Bell*, 108, Nev. 105, 111, 825 P.2d 588, 592 (1992) ............................2

*Certain Underwriters at Lloyd's, London v. Real Estate Prof'l Ins. Co.* 2007 WL 4249078, at *13-14 (C.D.Cal. Nov. 26, 2007)....................................................................................................7

*County of San Diego v. State* (2008)164 Cal.App.4th 580, 607 ..................................................17

*Downey v. Humphreys* (1951) 102 Cal.App.2d 323, 332 .............................................................8

*During v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) .............................................2

*Edwards v. First American Corp.*, 517 F.Supp.2d. 1199, 1205 (C.D. Cal. 2007); 12 U.S.C. § 2614...........................................................................................................................13

*Emery v. Visa International Service Association*, 95 Cal. App. 4th 952, 960 (2002) ....................9

*Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 182 (2nd Cir. 2005) ....................................5

*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 696 ........................................................9

*Gauvin v. Tombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988)..................................................3

*Hunter v. Up-Right, Inc.* (1993) 6 Cal.4th 1171, 1180-1186........................................................9

*Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp. 2d 374, 383 (D.N.J. 2006) .....................13

*In re Jan L. Thorian*, 387 B.R. 50, 49 (Bankr. Ct. Dec. 2008)....................................................14

*In Re River Valley Fitness*, 297 B.R. 354 (2003)..................................................................17

*In re Sargent Tech, Inc.*, 278 F.Supp.2d 1079, 1094 (N.D. Cal. 2003) ...........................3

*In Re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984)..........................................................11

*Jones v. ABN AMRO Mortg. Group, Inc.*, 551 F.Supp. 2d 400, 411 (E.D.Pa. 2008)...................15

*Karlsen v. American Sav. & Loan Ass'n.* (1971) 15 Cal App.3d 112, 118 ................................12

*Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).......................................10

*King v. Cal.* 784 F.2d 910, 913 (9th Cir. 1986) ................................................................11

*Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431 .........................................................8

*Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633-34 (5th Cir. 1986).............................................11

*Morse v. Crocker National Bank* (1983) 142 Cal.App.3d 228, 232 ...........................................7

*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 898 ...................................................17

*Nymark v. Heart Fed. Savings & Loan*.........................................................................................6

*Onoh v. Citigroup*, 2009 WL 2246207, at *2  (N.D.Cal. July 27, 2009).......................................7

*Otay Land Co. v. Royal Indem. Co.* (2008) 169 Cal.App.4th 556, 562.......................................16

*Pacific Shore Funding v. Lozo*, (2006) 138 Cal. App.4th 1342, 1355..........................................11

*Parrino v. FHP, Inc.* 146 F.3d 699, 706 (9th Cir. 1998) ................................................................2

*Pickard v. WMC Mortgage Corp.*, 2009 WL 3416134, at *8........................................................13

*Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (Cal. Ct. App. 1989)................................7

*Roberts v. Reynolds* (1963) 212 Cal.App.2d 818, 827 ...............................................................17

*SEC v. Seaboard Corp.* 677 F.2d 1315, 1316 (9th Cir. 1982).........................................................2

*Shell Oil Co. v. Richter*, 52 Cal.App. 2d 164, 168 (1942) ..........................................................18

*Singh v. Washington Mut. Bank*, 2009 WL 2588885, *5 (N.D.Cal. 2009)..................................13

*Smith v. San Dieguito Union High School Dist.* 2002 WL 1063924, at *5 (Cal. Ct. App. 2002).7

*Taxpayers for Improving Public Safety v. Schwarzenegger* (2009) 172 Cal.App.4th 749, 768...16

*Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at * 6 (S.D.Cal 2008)...................15

*Vega* v. JPMorgan Chase Bank, N.A., 2009 WL 2731039, * 5 (E.D.Cal.,2009) ........................18

*Wagner v. Benson*, 101 Cal.App.3d 27, 34 (Cal.App.4.Dist.1980) ......................................8

*Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1169-1170 (2002)...............10

*Warren v. Kaiser Foundation Health Plan, Inc.* (1975) 47 Cal.App.3d 678, 683........................17

*Washington Mutual Bank v. Sup. Ct.*, 95 Cal.App.4th 606, 612 (2002)........................................6

*Western Mining Council v. Watt*, 643 F.2d 628, 624 (9th Cir. 1981)..............................................2

*Williams v. State of California*, 34 Cal.3d 18 (Cal. 1983) ...............................................................6

*Winter v. National Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008) ........................18

*Yamamoto v. Bank of New York* (2003) 329 F. 3d 1167, 1173......................................................12

**Statutes**

*12 U.S.C. § 1461* ............................................................................................................................5

*12 U.S.C. § 2605* ..........................................................................................................................12

*12 U.S.C. § 2605(e)(1)(A)*.............................................................................................................14

*12 U.S.C. § 2605(f)(1)(A)* .............................................................................................................13

*15 U.S.C. § 1602(w)*......................................................................................................................12

*15 U.S.C. § 1635(e)(1)*..................................................................................................................11

*15 U.S.C. § 1640(e)*.......................................................................................................................11

*15 U.S.C. § 1642(e)*.......................................................................................................................11

*15 U.S.C. §§ 1635(f), 1640(e)* ......................................................................................................11

*Cal Fin. Code, § 4973* .....................................................................................................................5

*Cal. Code Civ. Proc. §1060* ...........................................................................................................16

*Cal. Fin. Code § 4970(b)* .................................................................................................................4

*Cal. Fin. Code § 4973* ......................................................................................................................4

*California Financial Code § 4979.8* ...............................................................................................5

Civil Code § 1632 ................................................................................................................6

Financial Code § 4973 ........................................................................................................1

**Other Authorities**

Cal. Business and Professions Code § 17200 .................................................................1

**Rules**

*12 C.F.R. §560.2(b)* ..........................................................................................................6

*12 C.F.R. §560.2(b)(1)-(13)* ..............................................................................................5

*Fed. R. Civ. P. 65* .............................................................................................................17

*Fed. Rule. Civ. Proc. 8(a)* ..................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff is a borrower who took out adjustable rate mortgage loans in July 2007 and January 200 with two different lenders.  When Plaintiff failed to make payments on the first loan it went into default. Plaintiff brings the instant action seeking to rescind both loans alleging certain improprieties at loan origination, and violation of TILA and RESPA concerning alleged failure to properly respond to a Qualified Written Request.  Plaintiff alleges seven causes of action for violation of Cal. Financial Code § 4973 (first), negligence (second), violation of Cal. Business and Professions Code § 17200 (third), violation of Truth in Lending Act (fourth), violation of Real Estate Settlement Procedures Act (fifth), declaratory relief (sixth), and injunction (seventh).

As set forth below, dismissal of the entire complaint is proper because the complaint fails to state either a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistieri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990)

## II.   BRIEF STATEMENT OF FACTS

On or about July 2, 2007, Plaintiff entered into an adjustable rate loan agreement ("Loan") with Lydian Mortgage, agreeing to repay $337,250.00 plus interest beginning September 1, 2007 ("Loan 1") (*See* Cplt. ¶ 8 and Exh. A thereto).   Loan 1 was secured by a Deed of Trust to the property located at 13095 Tawya Road, Apple Valley, CA 92308 (the "Property").  The Deed of Trust was recorded in the County of San Bernardino Recorder's Office on July 6, 2007 as Document No. 2007-0398596. (**Exhibit 1** to the Request for Judicial Notice ("RJN").)  Lydian Bank was the lender on Loan 1. (RJN, Exh. 1) Plaintiff alleges that Virtual Bank is the current holder of the Note on Loan 1. (*See* Cplt. ¶ 8)

On or about August 5, 2009, after Plaintiff stopped making payments on Loan 1, a Notice of Default was executed and recorded for Loan 1 in the County

of San Bernardino Recorder's Office as Document No. 2007-0347386. At that time, the amount in default was $7,214.62. (*See* **Exhibit 2** to the RJN.) Defendant Aztec Foreclosure corporation appears to be the foreclosure trustee under the Notice of Default. (*See* Cplt. ¶ 9, **Exhibit 2** to the RJN.)

The Complaint alleges Plaintiff took out a second mortgage loan with defendant Keycorp dba Keybank that was payable beginning July 6, 2008. ("Loan 2") (*See* Cplt. ¶ 10)

## STANDARDS SUPPORTING MOTION TO DISMISS

Under <u>Federal Rule of Civil Procedure</u> 12(b)(6), a dismissal is proper where the complaint fails to state either a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistieri,* 901 F.2d at 699. In reviewing the Complaint, the Court need not accept as true unwarranted deductions of fact, legal characterizations, conclusory allegations or unreasonable inferences. See, *Western Mining Council v. Watt*, 643 F.2d 628, 624 (9th Cir. 1981). For example, an allegation that "defendant fraudulently induced plaintiff" is merely a conclusion which may be disregarded absent other specific supporting allegations. See, SEC v. Seaboard Corp. 677 F.2d 1315, 1316 (9th Cir. 1982). Where an essential element of a claim for relief is absent, judgment is proper. Cf., *Bulbman, Inc. v. Nevada Bell*, 108, Nev. 105, 111, 825 P.2d 588, 592 (1992).

The Court may also disregard allegations in a complaint if contradicted by facts established in documents exhibited to or referenced in the complaint, or documents that are central to a plaintiff's claim even though not referenced. See, *During v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); Branch v. Tunnel, 14 F3d 449, 454 (9th Cir. 1994) (on motion to dismiss, the court may consider documents exhibited, referred to, or that are central to plaintiff's complaint); *Parrino v. FHP, Inc.* 146 F.3d 699, 706 (9th Cir. 1998); *Cortec Industries, Industries, Inc. v. Sum Holdings, L.P.*, 949 F.2d 42, 47 (2nd Cir.

1991).  This prevents plaintiffs from deliberately omitting references to documents upon which their claims are based. *Parrino*, *Id.*; *Cortec*, *Id.*

## III.   LEGAL ARGUMENT

### A.   The Complaint Fails to Distinguish Among the Defendants

In their Complaint, Plaintiffs do not distinguish between the named defendants. Th is is problematic because there are two separate loans by two separate lenders described in the Complaint. The Complaint alleges identical violations against Virtual Bank and Keycorp even though Loan 1 and Loan 2 were entirely separate loan transactions occurring months apart.

Broad allegations that fail to specify which individual defendants are responsible for what wrongful conduct are insufficient under Federal Rule of Civil Procedure 8(a).  Fed. Rule. Civ. Proc. 8(a); In re Sargent Tech, Inc., 278 F.Supp.2d 1079, 1094 (N.D. Cal. 2003).  When a plaintiff does not specifically identify the parties to the alleged activity, the defendants are not advised of the claims they must defend.  Lumping defendants together without making clear which defendant allegedly did what fails to satisfy the minimum notice requirements of Federal Rule of Civil Procedure 8(a).  Gauvin v. Tombatore, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988).  Plaintiff's Complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a) and should be dismissed.

### B.   PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF CALIFORNIA FINANCIAL CODE SECTION 4973 FAILS AS TO VIRTUAL BANK

Plaintiff asserts in a conclusory fashion that the deeds of trust and notes are for Loan  1 and Loan 2 are void and he is entitled to have both loans rescinded pursuant to *Cal. Fin. Code* § 4973 because defendants did not verify Plaintiff could afford the monthly payments and failed to provide a Consumer Caution Notice. (Cplt. ¶ ¶ 13-16.)

### 1.    Plaintiff Fails To Allege Loan 1 Is "Covered Loan" Under Statute

*Cal. Fin. Code* § 4973 only prohibits certain acts in relation to "covered loans." The term "covered loan" is defined under *Cal. Fin. Code* §4970(b)(1) as follows:

> "(b)"Covered loan" means a consumer loan in which **the original principal balance of the loan does not exceed the most current conforming loan limit** for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> (1) For a mortgage or deed of trust, **the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities** having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.

*Cal. Fin. Code* § 4970(b).

Plaintiff fails to allege the most current conforming loan limit or allege that the principal of their loan is within the conforming loan limits for a single family mortgage loan established by the Federal National Mortgage Association. Plaintiff does not allege that the annual percentage rate at loan origination was higher than the Treasury rate by more than eight points (although he does allege that the interest rate on Loan 1 was 7. 75%) Therefore, Plaintiff does not state facts

4

1  sufficient to establish the threshold requirement for application of *Cal Fin. Code,* §

2  4973. *See, Aguero* v. *Mortgageit, Inc.*, 2009 WL 2486311 *2 (E.D.Cal., 2009).

3         **2.    Holder In Due Course Not Liable Under *Cal.Fin.Code Code***

4                **Section 4973**

5         California Financial Code § 4979.8 specifically limits liability under Section

6  4973:  "The provisions of this division shall not impose liability on an assignee

7  that is a holder in due course."  The Adjustable Rate Note (attached as Exhibit A to

8  Plaintiff's complaint) defines "Lydian Mortgage, a Division of Lydian Private

9  Bank" as the "Lender." The note provides that Plaintiff promises to pay "US

10 $337,250.00 …, plus interest, **to the order of the Lender.**"  If, as Plaintiff alleges

11 at paragraph 8 of the Complaint, Virtual Bank is the current holder of the note, it is

12 necessarily a holder in due course. [See Exhibit A to Complaint, Section 1, at pg. 1

13 of 5]  Virtual Bank cannot be liable for any violations that may have been

14 committed by the originating lender under these statutory provisions.

15        **3.    *Cal.Fin.Code Code* Section 4973 Claim Preempted Against**

16               **Virtual Bank – A Federally Chartered Lending Institution**

17        California Financial Code § 4973 claim against Virtual Bank fails because it

18 is preempted by federal law.  Virtual Bank is a federally-chartered lending

19 institution.  Accordingly, Virtual Bank's duties related to the disclosure of

20 information at the time of the loan origination are governed by a comprehensive

21 scheme of federal regulation: the Home Owner's Loan Act, 12 U.S.C. § 1461 et

22 seq. ("HOLA,") and the regulations promulgated thereunder by the Office of

23 Thrift Supervision ("OTS") and the Federal Home Loan Bank Board.  12 C.F.R.

24 §560.2(b)(1)-(13) (providing examples of state laws preempted by HOLA.)

25 Regulations promulgated by OTS preempt state laws affecting the operations of

26 federal savings associations. 12 C.F.R. §560.2(a); *Flagg v. Yonkers Sav. & Loan*

27 *Ass'n*, 396 F.3d 178, 182 (2nd Cir. 2005)

28

1    Here, the OTS occupies the field of mortgage lending by federal savings and
2  loan association and specifically preempts state laws related to disclosure of
3  information at the time of the loan origination (12 C.F.R. §560.2(b); See
4  *Washington Mutual Bank v. Sup. Ct.*, 95 Cal.App.4th 606, 612 (2002)

5    As set forth above, California Financial Code § 4973 details prohibited acts
6  that may give rise to liability in extending certain consumer loans. Accordingly,
7  because Plaintiff is attempting to use state law to regulate the terms of their credit,
8  their claims are preempted by 12 C.F.R. §560.2(b) Plaintiff's first cause of action
9  should also be dismissed with prejudice for this reason.

10   **C.    PLAINTIFF'S SECOND CLAIM FOR NEGLIGENCE FAILS**
11           **AS TO VIRTUAL BANK**

12    Plaintiff alleges in conclusory fashion that Virtual Bank and KeyBank owed
13  a duty of care to Plaintiff and breached that duty by violating Cal. Financial Code
14  § 4973, California Civil Code § 1632 and Cal. Business and Professions Code §
15  17200. (*See* Cplt. ¶¶ 20-22)   So this claim fails for the same reason those claims
16  fail as set forth herein (there is no other mention of Section 1632 in the
17  Complaint). In addition, as discussed below the first cause of action fails because
18  Virtual Bank does not owe Plaintiff a duty of care as a matter of law.

19           **1.    Plaintiff Fails to Allege Relationship With Virtual Bank**
20                   **Giving Rise to Duty of Care**

21    "The existence of a duty of care owed by a defendant to a plaintiff is a
22  prerequisite to stating a claim for negligence. 'Whether a legal duty exists in a
23  given case is primarily a question of law.'" *Nymark v. Heart Fed. Savings & Loan*
24  *Assn.* (1991) 231 Cal.App.3d 1089, 1095 (citations omitted).

25    In the absence of a statute or a special relationship a person is under no duty
26  to protect another from peril which is not of his or her own making. *See Williams*
27  *v. State of California*, 34 Cal.3d 18 (Cal. 1983). A duty may only arise, where (a)
28  a special relation exists between the actor and the third person which imposes a

duty upon the actor to control the third person's conduct, or (b) a special relationship exists between the actor and the other which gives the other a right to protection," *see Smith v. San Dieguito Union High School Dist.* 2002 WL 1063924, at *5 (Cal. Ct. App. 2002)

But no allegations of a special relationship are presented here. *See Certain Underwriters at Lloyd's, London v. Real Estate Prof'l Ins. Co.* 2007 WL 4249078, at *13-14 (C.D.Cal. Nov. 26, 2007) (dismissing Plaintiff's negligence claim for failure "to allege the existence of a relationship giving rise to a duty of care … or any other facts suggesting that [Defendant] owed [Plaintiff] a duty of care); *see also Onoh v. Citigroup*, 2009 WL 2246207, at *2 (N.D.Cal. July 27, 2009) (In dismissing Plaintiff's negligence claim, court held: "Plaintiff's purely conclusory negligence claim against defendants is premised on the unsubstantiated theory that defendants owed plaintiff a 'general duty of care' and failed to exercise "reasonable care" in performing this duty. Consistent with the rest of the complaint, this claim does not address why defendants had a duty of care to plaintiff or explain how this duty was violated.")

### 2.    A Bank Does Not Owe A Duty of Care To A Borrower In A Loan Transaction As A Matter of Law

A bank does not owe a duty of care to a borrower in a loan transaction - no special relationship exists between a bank and its loan customers. In *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (Cal. Ct. App. 1989) the Court held:

> It has long been regarded as "axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor." ( [citing *Morse v. Crocker National Bank* (1983) 142 Cal.App.3d 228, 232]"A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." [*Downey v. Humphreys* (1951)

102 Cal.App.2d 323, 332] The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.

In *Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431 the plaintiff sued the bank for dishonoring a check. The second cause of action alleged breach of fiduciary duty. Dismissing this claim, the court stated, "[U]nder ordinary circumstances the relationship between a bank and its depositor is that of debtor-creditor, and is not a fiduciary one; and appellant has failed to allege any facts which would support a finding that a fiduciary relationship existed between appellant and any of the respondents in this case." ( *Id.* at p. 437.)

In *Wagner v. Benson*, 101 Cal.App.3d 27, 34 (Cal.App.4.Dist.1980) the court reiterated that a bank in a loan transaction does not owe a duty of care to a borrower:

> The **Wagners alleged** they suffered substantial foreseeable **harm** from **the Bank's negligence in loaning money to them, as inexperienced investors**, for a risky venture over which the Bank exercised influence and control. However, **the Bank owes no duty of care to the Wagners in approving their loan**. Liability to a borrower for negligence arises only when the lender "actively participates" in the financed enterprise "beyond the domain of the usual money lender." … The Bank's limited involvement in the MSR enterprise falls far short of the **extensive control and shared profits** which give rise to liability. Summary disposition of the Wagners' claim was proper.

### 3. Negligence Not Appropriate Because Plaintiffs' Claims Are Fundamentally Contractual

The negligence claim also fails because the relationship between the parties is fundamentally contractual. The California Supreme Court holds that tort claims are inappropriate where the relationships between the parties are "fundamentally contractual." *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 696. The *Foley* decision "limits the ability to recover tort damages in breach of contract situations to those where the respective positions of the contracting parties have the fiduciary characteristics." *Id.*; *see also, Hunter v. Up-Right, Inc.* (1993) 6 Cal.4th 1171, 1180-1186, (affirming the principle requirement of a fiduciary relationship in an employment context before a tort cause of action can arise out of a contractual relationship).

### D. Plaintiff's Third Claim for Violation of Business and Professions Code 17200 Fails

Plaintiff alleges that Defendants violated the California Business and Professions Code section 17200 et seq. based on the alleged violation of Cal. Financial Code section 4973 discussed above. (Cplt. ¶ ¶ 13-16.) So this claim fails for the reasons stated above. As set forth below, Plaintiff's claim for violation of California Business and Professions Code section 17200 cannot stand independently and should be dismissed.

### 1. Virtual Bank Cannot Be Liable Under Section 17200 Because it Did Not Personally Participate in the Alleged Conduct

Lydian Bank was the original lender – not Virtual Bank. (See RJN, Exh. 1) Virtual Bank cannot be liable because it was not present at loan origination and could not have been party to any of the alleged statutory violations Plaintiff claims violate Section 17200. (Cplt, ¶ 25) To be liable Virtual Bank must have personally participated in any alleged bad acts. See *Emery v. Visa International Service Association*, 95 Cal. App. 4th 952, 960 (2002) ("The concept of vicarious liability

has no application to actions brought under the unfair business practices act.  A defendant's liability must be based on his personal participation in the unlawful practices . . . that are found to violate sections 17200 or 17500.")  (citations omitted).

Here, Virtual Bank did not personally participate in nor was it present for the origination of Loan 1.  As clearly set forth in the Deed of Trust (*See* **Exhibit A**), Lydian Bank was the originator of the Loans.  Therefore, Plaintiff cannot now allege that Virtual Bank made any misleading statements to induce him to enter into the secured Loans knowing full well that Virtual Bank was not involved in the negotiation of the Loans.  No amount of amendment to Plaintiff's Complaint will change the undisputed fact that Virtual Bank was not present when Loan 1 was made.  The claim necessarily fails as to Virtual Bank.

### 2.    The 17200 Claim is Not Pled With Specificity

Plaintiff's third cause of action also fails to allege any facts with the required particularity.  Violations of 17200 must be pled with particularity.  "A plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation [under 17200]." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993); *See Bennet v. Suncloud*, 56 Cal. App. 4th 91 (1997) (dismissing unfair competition claim where not stated with specificity).  In order for the act to be deemed "unlawful," it must be shown that it is a "business practice and that at the same time is forbidden by law." *Khoury*, 14 Cal. App. 4th at 619; *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1169-1170 (2002).

Here, Plaintiff pleads no clear factual allegations whatsoever. Instead, Plaintiff sets forth only vague and conclusory allegations, some of which are on information and belief. (Complaint at ¶¶ 25, 26).  Plaintiff identifies no dates, no persons or no specific misrepresentations – it is as generic as a pleading can be.  In

fact, it is the antithesis of pleading with "reasonable particularity," the standard 17200 claims demand.

### E. Plaintiff's Fourth Claim for Violation of Truth in Lending Act Fails

#### 1. Claim for Damages Under TILA is Time Barred

An action to recover damages for a TILA violation must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Therefore the statute of limitations for statutory damages under TILA is one year. *Pacific Shore Funding v. Lozo*, (2006) 138 Cal. App.4th 1342, 1355; *See also*, 15 *U.S.C.* § 1642(e). TILA actions commence from the time of the alleged disclosure violation, i.e. when the loan disclosures were issued and the loan consummated. 15 U.S.C. §§ 1635(f), 1640(e); *King v. Cal.* 784 F.2d 910, 913 (9th Cir. 1986).

The statute of limitations for a TILA claim begins to run on the closing date of the loan. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986); *In Re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984); *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633-34 (5th Cir. 1986). Plaintiff admits that the loan which is the subject of this suit originated in July 2007. (Cplt, ¶ 8) The instant complaint was filed October 5, 2009; approximately one and a half years **past** the one year statute of limitations deadline to bring a claim.

#### 2. Plaintiffs are not entitled to rescission

Under TILA, a loan cannot be rescinded if the loan is a purchase money loan. 15 U.S.C. § 1635(e)(1). Section 1635 "does not apply to a residential mortgage transaction as defined in section 1602(w) of this title." Id. The term "residential mortgage transaction" means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against

the consumer's dwelling to finance the acquisition or initial construction of such dwelling. 15 U.S.C. § 1602(w).

As stated above, the Grant Deed attached to the Complaint as Exh. B demonstrates that Plaintiffs' loan was a purchase money loan in a residential mortgage transaction, and is thereby exempted from the right to rescission under section 1635. Hence, Plaintiffs' claim should be dismissed with prejudice.

Further, under TILA, a rescission must be accompanied by an unconditional tender of the money borrowed, not a conditional offer to tender whatever money the borrower claims should be owed. California law supports the full tender requirement. California Civil Code sections 1486 and 1494 require full performance free from any conditions upon which the creditor is not bound to perform. Also, California Civil Code section 1493 requires that an offer of performance be in good faith. If the party making the offer is unable or unwilling to perform, it is ineffectual. *Karlsen v. American Sav. & Loan Ass'n.* (1971) 15 Cal App.3d 112, 118. The Ninth Circuit Court of Appeals confirmed that a tender of all amounts by the borrower is and should be required before a TILA rescission is affected. "If it is clear from the evidence that the borrower lacks the capacity to pay back what she received (less interest, finance charges, etc.) the court does not lack the discretion to do before trial what it could do after." *Yamamoto v. Bank of New York* (2003) 329 F. 3d 1167, 1173.

Here, Plaintiffs did not allege that they tendered or were willing to tender the full amount owed. Therefore, Plaintiff's claim fails.

### E.   Plaintiff's Fifth Claim for Violation of the Real Estate Settlement Procedures Act Fails to State a Claim

Plaintiffs alleges a claim for violation of the pursuant to the Real Estate Settlement Procedures Act ("RESPA") which is codified at 12 U.S.C. § 2605.

### 1.   Plaintiffs' RESPA Disclosure Claim Is Time-Barred

RESPA disclosure violations are limited to events that occurred at the origination of the loan, that is, in July 2007. An action brought under RESPA must be brought within one year of the date of the occurrence of the violation. *See Edwards v. First American Corp.*, 517 F.Supp.2d. 1199, 1205 (C.D. Cal. 2007); 12 U.S.C. § 2614. Plaintiffs obtained their mortgage loan in July 2007. (*See* Complaint, ¶ 8,) The lender was Lydian Bank. (RJN, Exh. 1). Plaintiffs were therefore required to bring an action for damages under RESPA for disclosure violations by no later than July 2008. Plaintiffs did not file their Complaint, however, until October 5, 2009, nearly two and a half years after their loan closed. Thus, Plaintiff's claim for disclosure violations is time-barred and should be dismissed with prejudice.

### 2.   RESPA Claim Fails Because Plaintiff Failed to Allege Pecuniary Loss

Plaintiff's RESPA claim also fails because no pecuniary loss is alleged. Alleging a breach of RESPA duties alone does not state a claim under RESPA. *See* <u>Swanson</u>, 2009 WL 3627925, at *7 (dismissing Plaintiff's RESPA claim on ground that no actual pecuniary loss was alleged). Plaintiffs must also allege that the alleged breach resulted in actual damages. *See* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower...[for] any actual damages to the borrower as a result of the failure"); *See also Pickard v. WMC Mortgage Corp.,* 2009 WL 3416134, at *8 (E.D.Cal. 2009); *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp. 2d 374, 383 (D.N.J. 2006) ("However, alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."); *Singh v. Washington Mut. Bank*, 2009 WL 2588885, *5 (N.D.Cal. 2009). Plaintiff failed to allege actual damages were suffered as a result of the

alleged wrong committed by Virtual Bank. Plaintiff's claim therefore fails and should be dismissed with prejudice.

### 3. RESPA Claim Fails Because Account Irregularities Not Disclosed in QWR

Plaintiff asserts that Virtual Bank violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, by failing to respond to a Qualified Written Request ("QWR") within 20 days. This claim, however, fails because Plaintiffs do not plead that their alleged QWR qualifies as such under RESPA and fails to allege actual damages suffered as a result of any purported violation. Section 2605(e)(1)(A) states that:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

*See* 12 U.S.C. § 2605(e)(1)(A).

As a threshold matter, however, Plaintiff must assert that his written correspondence meets the requirements for a QWR. Not all letters sent to a loan servicer constitutes a qualified written request under RESPA. *See* <u>In re Jan L. Thorian</u>, 387 B.R. 50, 49 (Bankr. Ct. Dec. 2008). A qualified written request is defined as written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that:

> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

(ii) **includes a statement of *the reasons*** for the belief of the borrower, to the extent applicable, **that the account is in error** or provides sufficient detail to the servicer regarding other information sought by the borrower.

*See* 12 U.S.C. § 2605(e)(1)(B) (Emphasis added);

Here the purported QWR attached as Exhibit D to the Complaint does not inform Virtual Bank why the account is allegedly in error. It alleges only that "[t]his office has conducted a reasonable investigation and inquiry into this matter and concluded that multiple accounting irregularities have occurred." (Complaint, Exh. D at pg. 1) The Complaint alleges Virtual Bank failed to make "appropriate corrections in the account" but again fails to allege what those corrections should have been - how the account was in error. (See Complaint, § 40) Obviously, Virtual Bank cannot, and is not required to, investigate and correct accounting errors that are not set forth in the purported QWR.

The RESPA claim therefore fails because no accounting irregularities were disclosed in the QWR. *See Jones v. ABN AMRO Mortg. Group, Inc.*, 551 F.Supp. 2d 400, 411 (E.D.Pa. 2008) (dismissing borrowers' claim for violation of RESPA on the ground that borrowers' failed to plead that any correspondence they sent Defendants met the statutory requirements of a RESPA QWR); See also *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at * 6 (S.D.Cal 2008) (dismissing borrowers' RESPA QWR claim where they did not specifically plead they ever sent, or Defendants received, a specific, written correspondence meeting RESPA's QWR requirements).

F.    **Plaintiff's Sixth Claim for Declaratory Relief Fails**

1.    **Plaintiffs' Claim Fails Because It Is Predicated On Failed Claims**

Plaintiff's claim fails because it is predicated on failed claims for violation of TILA, Regulation Z, RESPA and state law statutes as set forth above. Declaratory relief is not an independent cause of action, but instead a form of equitable relief. Batt v. City and County of San Francisco (2007) 155 Cal.App.4th 65, 82. Thus, a dismissal of a claim for declaratory relief is proper where that claim is wholly derivative of other non viable causes of action. *Ball v. FleetBoston Financial Corp.* (2008) 164 Cal.App.4th 794, 800.

### 2. Declaratory Relief Improper to Address Alleged Past Wrongs

The fundamental basis of an action for declaratory relief is the existence of an actual, present controversy over a proper subject. *Otay Land Co. v. Royal Indem. Co.* (2008) 169 Cal.App.4th 556, 562.; *Taxpayers for Improving Public Safety v. Schwarzenegger* (2009) 172 Cal.App.4th 749, 768. California Code Civil Procedure section 1060 provides that declaratory relief may be obtained where:

> any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property,…may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. Cal. Code Civ. Proc. §1060.

"Declaratory relief operates prospectively to declare future rights, rather than to redress past wrong." *County of San Diego v. State* (2008)164 Cal.App.4th 580, 607; see also, *Roberts v. Reynolds* (1963) 212 Cal.App.2d 818, 827). "That is, a declaratory judgment serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventative justice, to declare rights rather than execute them." *County of San Diego v. State* (2008)164 Cal.App.4th 580, 607, 608. Furthermore, "unlike coercive relief, such as damages, specific performance, or an injunction in which a party is ordered by the court to do or to refrain from doing something, a declaratory judgment merely declares a legal relationship between the parties [emphasis added]." *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 898. Therefore, "the court may refuse to entertain the action where the rights of the complaining party have crystallized into a cause of action for past wrongs, and the relationship between the parties has ceased to exist." *Warren v. Kaiser Foundation Health Plan, Inc.* (1975) 47 Cal.App.3d 678, 683.

Here, Plaintiffs attempt to declare the "respective rights, duties, and obligations under the… Promissory Note, Deed of Trust, and related loan documentation" based on the alleged violations of federal statutes that occurred at the time of the loan origination and servicing. Plaintiff's loan is now in default. Accordingly, Plaintiff's claim constitutes an improper attempt to address a past wrong.

### G.   Plaintiff's Seventh Claim for Injunctive Relief Is Unwarranted

Plaintiff's claim for injunctive relief fails because it is not a proper claim for which relief can be granted in a complaint. *Fed. R. Civ. Proc.* 65. "It is well settled that the proper method to request a TRO or a preliminary injunction is by separate motion." *In Re River Valley Fitness*, 297 B.R. 354 (2003).

Secondly, Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Vega* v. JPMorgan Chase Bank, N.A., 2009 WL 2731039, * 5 (E.D.Cal.,2009), citing and quoting *Shell Oil Co. v. Richter*, 52 Cal.App. 2d 164, 168 (1942) As set forth above, all of the claims this cause of action is predicated on fail.

Third, Plaintiff bears the burden of showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. National Resources Defense Council, Inc.,* 129 S.Ct. 365, 374 (2008). To the extent that this claim is derivative of the other alleged claims and the other alleged claims fail, Plaintiff has not shown he is likely to succeed on the merits, and therefore is not entitled to injunctive relief.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Virtual Bank respectfully requests that all the claims against it be dismissed with prejudice.

Dated:   December 7, 2009                HOUSER & ALLISON, APC

                                         */s/ Brian S. Edwards*
                                         Brian S. Edwards
                                         Attorneys for Defendant
                                         Virtual Bank, A Division of Lydian
                                         Private Bank

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                               ) SS
COUNTY OF ORANGE      )

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

     On December 7, 2009, I served the following document(s) described as follows:

**DEFENDANT VIRTUAL BANK'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

On the following interested parties in this action:
Benjamin Koo
Joyce J. Cho
BENJAMIN KOO & ASSOCIATES
3600 Wilshire Boulevard
Los Angeles, CA 90010

[X ]  <u>VIA FIRST CLASS MAIL</u>—CCP §§ 1013(a); 2015.5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

     I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

     Executed on December 7, 2009 at Irvine, California.

Sherie L. Cleere